MARY TERLECKI v. FERDINAND A. STRAUSS ET AL., PROSECUTORS.

Argued November 7, 1913—Decided February 24, 1914.

A factory employe quit work at her machine shortly before noon and was, in accordance with custom, combing particles of wool out of her hair, preparatory to going home, at a point away from her machine, when her hair was caught in other machinery and she was injured. *Held*, that the accident arose out of and in the course of her employment.

On *certiorari* to Mercer Pleas.

Petition under Workmen's Compensation act. Petitioner quit work at her machine shortly before noon, and was preparing to go home. She was combing particles of wool out of her hair, as was the custom of the girl employes. For this purpose she went to a passageway where a piece of looking glass had been placed against a post, thirty-two feet from her machine.. It was a common practice of the girls, to the knowledge of the superintendent and overseer, to do as the petitioner did, and it was not forbidden. There was a "sink" room but no dressing-room on that floor of the factory. While the petitioner was combing her hair it was caught in the still moving machinery and she suffered serious injury.

Before Justices SWAYZE and BERGEN.

For the petitioner, *Martin P. Devlin.*

For the defendants, *William H. Carey.*

The opinion of the court was delivered by

SWAYZE, J. We have no doubt that the accident happened in the course of employment. It would be entirely too narrow a construction to limit the benefit of the statute to the time

the workman is actually employed at his machine. He must have time to reach his machine and to get away from his employer's premises. In fact, it is a necessary implication of the contract of employment that the workman shall come to his work and shall leave with reasonable speed when the work is over. The preparation reasonably necessary for beginning work after the employer's premises are reached, and for leaving when the work is over, is a part of the employment. A workman is none the less in the course of employment because he is engaged in changing his street clothes for his working clothes, or in changing his working clothes for his street clothes. In the present case, it was reasonably necessary that the petitioner should comb her hair and remove the particles of wool before leaving the factory.

The question whether the accident arose out of the employment is perhaps more doubtful. The employment was not indeed the proximate cause of the accident, but it was a cause in the sense that but for the employment the accident would not have happened. The employment was one of the necessary antecedents to the accident. A case has recently arisen, under the English statute, which seems to involve the same principle under different facts. *Gare* v. *Norton Hill Colliery Co.* (1909), 2 K. B. 539. A collier was injured while leaving his work and crossing lines of rail controlled by his employers. He had three ways to go home, but the one he used was the shortest and was commonly used by the workmen with the knowledge and consent of the employers. It was held by the Court of Appeal that the accident arose out of and in the course of the employment. It is unnecessary to review the earlier cases in the English courts.

The judgment is affirmed, with costs.