# Laura Staley, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

1. **Master and servant**, § 98a*—*mode of process under Workmen's Compensation Act.* Section 5½ of the Workmen's Compensation Act (J. & A. ¶ 5454), in force May 1, 1912, giving a person entitled to compensation the right to file a petition to a court to have compensation paid in a lump sum, does not rely on the General Practice Act but is complete in itself in regard to the means to be employed to bring interested parties into court.

2. **Master and servant**, § 98a*—*right to file petition for lump sum under Workmen's Compensation Act.* It is not necessary to proceed under section 10 of the Workmen's Compensation Act, J. & A. ¶ 5459, before filing a petition to have compensation awarded in a lump sum, where the amount of compensation to which petitioner is entitled under the law is not disputed.

3. **Master and servant**, § 98a*—*Workmen's Compensation Act as affected by Federal Act.* Workmen's Compensation Act of 1912 applies to employes injured while engaged in an act of interstate commerce; such act is not in conflict with the Federal Act and was not designed to cover the same field.

4. **Master and servant**, § 98a*—*amount to be awarded on petition for a lump sum.* On petition under the Workmen's Compensation Act of 1912 for payment of compensation in a lump sum, where it would appear to be to the best interest of both parties, the amount to be awarded should be the present worth of the sum to which the petitioner would be entitled under the law and it would appear that the provision of the new Compensation Act of 1913 would afford a reasonable rule for ascertaining such value.

Appeal from the Circuit Court of Marion county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

W. W. Barr, C. E. Feirich and Kagy & Vandervort, for appellant; W. S. Horton, of counsel.

Noleman & Smith, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

This is a proceeding under the Workmen's Compensation Law of this State, in force May 1, 1912 (J. & A. ¶¶ 5449 *et seq.*), brought by Laura Staley as administratrix of the estate of her deceased husband, Sylvester C. Staley, who was run over and killed by one of appellant's switch engines in its terminal yards near Centralia, Illinois, where he was employed on March 28, 1913.

Appellee on May 19, 1913, which was one of the days of the April term of the Circuit Court of Marion county, Illinois, presented her petition asking for an order on appellant to pay her the compensation due her on account of the death of her said husband in a lump sum, and also that an order be entered directing the character and time of notice to be given to appellant in said proceeding and requiring an answer to said petition. Thereupon, the court set May 28, 1913, one of the days of said term, for a hearing and ordered a copy of the petition and said order to be served upon appellant within three days. The petition set out the appointment of appellee as administratrix and alleged that deceased was on March 28, 1913, and for more than a year prior thereto, employed by appellant as a machinist at a compensation of $100 per month; that appellant was at the time operating a railroad line from the city of Chicago in the State of Illinois, through the city of Centralia in the county of Marion to the city of Cairo in said State and elsewhere, together with divers machine shops and roundhouses wherein its locomotive engines were from time to time repaired; that said business was comprehended within the scope and meaning of the act under which the suit was brought, and that at the time the said Sylvester C. Staley received the injury which caused his death he was engaged in work and labor under said act and subject to the provisions thereof. The petition set out the occurrences leading up to the accident in detail, and further stated that deceased left surviving him his said widow and two sons, aged

five and seven years respectively, to the support of all of whom he contributed; that under the statute they are entitled to the sum of $3,500; that should said sum be paid to her in instalments, appellee would not be able to support herself and children; that she desires to return to her former home in Buffalo, New York, where her friends and acquaintances live, and that she feels confident if said sum of $3,500 should be paid to her in a lump sum, she can invest the same so that in connection with her own services she will be able to preserve said principal sum intact and provide a living for herself and two children out of the income therefrom, and she asked that it be so paid to her.

Appellant filed a limited appearance asking the court to cancel the setting of the cause and continue the same until the next term of court for the reason that the petition was filed during the term of court and no notice or summons was served upon appellant at any time prior to the first day of the term of court, but this motion was denied. Appellant then answered, admitting the employment of deceased but denying that he received wages to said amount. The answer further admitted that it was engaged in operating a railroad line and that it was comprehended within the scope and meaning of said act. It denied that Staley's death was caused by accident arising out of his employment or that he was in the discharge of his duties at that time, or that it was guilty of negligence in causing his injuries. It denied that appellee was entitled to said amount of $3,500, or that she had a right to maintain said proceeding, until the amount due as compensation should be determined, either by agreement or by arbitration as provided by said act. It further stated that even if appellee was entitled to said sum of $3,500, yet, under the act, said sum should be paid in monthly instalments over a period of eight years and that the lump sum payment contemplated in said statute could, in any event, amount only to such a sum as should be determined to be the present cash

value of the deferred payments to be made, as pro-
vided, during the eight years; that in arriving at said
sum there should be taken into consideration the in-
terest, not only of appellee but also of appellant; that
there should also be taken into consideration the value
to the appellant of the use of the money to be paid
in the deferred payments extending over the period
of eight years, the contingency of the death of the
beneficiaries and all other contingencies which might
arise to effect the value of the compensation, if any,
which might be directed to be paid in a proper pro-
ceeding for that purpose. It denied that it would be
for the best interest of appellant to be required to
pay a lump sum to the appellee.

Appellee afterwards filed an amended petition plac-
ing the wages at $111 a month and alleging that appel-
lant offered to pay the sum of $3,500 in instalments
equal to one-half of deceased's average wages at the
same intervals at which his wages were paid while
living, that is monthly; that she had opportunities for
engaging in business at her former home, Buffalo,
New York, and that in case said sum of $3,500 was
paid to her in a lump sum she could invest a portion
of it in connection with said business and thereby earn
a livelihood for herself and children. Appellant further
answering denied the amount of wages were stated
correctly and averred that it was engaged in inter-
state commerce and that its business was not com-
prehended within the scope and meaning of the act
in question. It denied it had proposed to pay said
sum in the manner stated or had offered to pay appel-
lee any sum except by way of compromise and averred
that appellee had no right to proceed under her peti-
tion to have any amount paid to her in a lump sum
until whatever amount she was entitled to should be
determined in accordance with the provisions of sec-
tion 10 of said act (J. & A. ¶ 5459), providing for arbi-
tration.

The proofs for appellee, no evidence being offered for appellant, show deceased was working in appellant's switch or terminal yard as a machinist and it was his duty to repair the switch engines used in the yards. On the day of the accident he was sent out in the yards to repair the whistle rod on an engine. As he went down the switch track he saw the engine coming towards him and stepped over on another track where he was struck by another engine and killed. The engine that struck him was a switch engine used for transferring both state and interstate freight cars. His average earnings were about $100 per month.

The insistence of appellant here is, among other things, that there was no agreement as to the amount due and whatever amount was offered appellee was by way of compromise, and not being accepted in no way binds appellant in this proceeding. Also that the case should not have proceeded to trial over the objection of appellant at the term at which the petition was presented, but that there should have been a summons issued and served ten days before the first day of the term of court at which the cause could be heard, and that before a proceeding would lie under the statute to compel appellant to pay any sum in a lump, the amount appellee is entitled to must be determined under section 10 of said act. Section 4 of the statute in question, in fixing the amount of compensation to be paid, provides: "If the employe leaves any widow, child or children or parents or other lineal heirs, to whose support he has contributed within five years previous to the time of his death, a sum equal to four times the average annual earnings of the employe, but not less in any event, than $1,500 and not more in any event, than $3,500" (J. & A. ¶ 5452). In this case the proof was that a sum equal to four times the average annual earnings of deceased would amount to about $4,800, so there can be no question as to the right of appellee to recover the limit fixed at $3,500 in this case, if anything.

Section 5½ of the act provides: "Any person entitled to compensation under this act or any employer who shall be bound to pay compensation under this act, who shall desire to have such compensation or any part thereof paid in a lump sum, may petition any court of competent jurisdiction of the county in which the employe resided or worked at the time of disability or death, asking that such compensation be so paid and if upon proper notice to the interested parties and a proper showing made before such court, it appears to the best interest of the parties that such compensation be so paid, the court shall order payment of a lump sum." (J. & A. ¶ 5454.) The filing of the petition under this act is a special statutory proceeding and provides therein the manner in which parties may come and be brought into court, and the court is thereby given jurisdiction to determine whether the payment due under the act shall be made in a lump sum or not. It is competent for every State to prescribe by statute the mode for bringing parties before its courts. *Welch v. Sykes*, 8 Ill. 197; *Nelson v. Chicago, B. & Q. R. Co.*, 225 Ill. 197. Said section of the act in question does not rely on the General Practice Act, but is complete in itself in regard to the means to be employed to bring interested parties into court and is intended to afford a ready hearing with little formality and no unnecessary delay. To hold otherwise would be to unnecessarily hamper the administration of the law by unreasonable delay. The court rightfully proceeded to hear the case at the term at which the petition was presented upon compliance with its rule in regard to the giving of notice to appellant.

Section 10 of the act provides: "Any question of law or fact arising in regard to the application of this law in determining the compensation payable hereunder shall be determined either by agreement of the parties or by arbitration as herein provided. In case any such question arises which cannot be settled by agreement, the employe and the employer shall each

select a disinterested party and the judge of the county court, or other court of competent jurisdiction, of the county where the injured employe resided or worked at the time of the injury, shall appoint a third disinterested party, such persons to constitute a board of arbitrators for the purpose of hearing and determining all such disputed questions of law or fact arising in regard to the application of this law in determining the compensation payable hereunder." (J. & A. ¶ 5459.) Said section further provides that both the employe and employer shall submit their proofs to said board and that the report of the arbitrators shall be filed by them with the State Bureau of Labor Statistics, and shall be binding upon both parties to the proceeding, and also provides for an appeal from such award to the court which appointed the third arbitrator. In this case there could be no dispute between the parties concerning the amount of the compensation to be paid to appellee.

Under the uncontested facts, appellee was entitled to the maximum amount allowed by law, which was $3,500, and the proofs show that appellant recognized its liability to pay her that amount, the only question being as to whether or not it could be paid in a lump sum, and that was the question which was submitted to the court in this proceeding. Neither party sought an arbitration concerning the compensation to be paid and under the circumstances it was not necessary before commencing this proceeding.

It is further contended by appellant that the decedent was, just prior to his death, engaged in interstate commerce and that the said Employers' Liability Act of Illinois is superseded by the enactment of Congress. Waiving the question whether decedent, just prior to his death, was really engaged in an act of interstate commerce, we are of opinion that the two acts are not in conflict nor do they seek to occupy the same fields. The Federal Act was one designed to operate upon and in a manner regulate commerce among the several

States, and it was sustained by the Supreme Court of the United States because it tended to promote commerce and related to the instruments by which interstate commerce was carried on. *Second employers' Liability Cases,* 223 U. S. 1. This Statute does not in any manner seek to affect commerce, nor does it affect the employe while he is engaged in the act of commerce, but it is designed to provide for him while he is incapacitated by reason of injuries received in the course of his employment, or, in case of his death under such circumstances, to provide for his immediate family or for collateral heirs dependent upon him, or, if he leaves none of these, to provide for his burial expenses. There is no good reason why each act should not operate in the field it is designed to cover.

The last question to be considered, and the one which appears really to be the object of this controversy, is whether the court below had power under the State act to order the whole of the sum of $3,500 to be paid to appellee in a lump sum. The statute, as above set forth, provides that any person entitled to compensation under the act, and any employer who shall be bound to pay that compensation, who desires to have the same or any part thereof paid in a lump sum, may petition the court for that purpose and if, upon proper notice to interested parties and a proper showing made before the court, it appears *to the best interest of the parties* that such compensation be so paid, the court shall order payment of the same in a lump sum. This provision places the person entitled to compensation and the employer upon the same plane and apparently makes the same rule applicable to both. Appellee made proof tending to show that it was for her best interest to have the amount paid in a lump sum, and the finding of the court that such was the case can readily be acceded to, but appellant, while apparently not opposing the entry of an order which would require it to pay the whole of its indebtedness at once instead of making monthly payments, contends that it

is against its best interests and unjust to require it to pay the full sum of $3,500 at once instead of paying the same in instalments at the rate of about $50 per month, as it would otherwise be required to pay under the law. It urges in effect that the proper amount to be paid in a lump sum would be the present worth of $3,500 to be paid in instalments as aforesaid over a term of years, when all the circumstances and contingencies are taken in consideration. It requires no argument or citation of authorities to show that the payment of $3,500 distributed in monthly instalments over a number of years is less burdensome in a financial way upon appellant than the payment of the full amount in a lump sum at the beginning of that period. The mere matter of the use of the money required to make the deferred payments until such payments were made would be a material item regardless of other contingencies which might occur to the benefit of appellant. The court should not arbitrarily order the full amount to be paid in a lump sum against the pecuniary interest of the employer when the statute plainly provides that before the order can be made it must appear to be to the best interest of the parties, the employer as well as the beneficiary. We are inclined to the belief, however, that the trial court might, within the limits of the law, order an amount paid to the beneficiary in a lump sum, which would be equal to the present value of the total amount distributed in instalments over the whole number of years when all the circumstances are considered. What this amount should be is probably not altogether easy of ascertainment, but in that connection it is of interest to consider a similar provision in the Employment Act of June 28, 1913, which repeals the act we have under consideration. Section 9 of the new act provides for a petition to the Industrial Board, established by the act, for the payment of compensation in a lump sum under conditions substantially the same as those providing for the presentation of the petition to

the court under the act under consideration, but it also further provides that if "it appears to the best interest of the parties that such compensation be so paid, the board shall order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value, upon the basis of interest, calculated at three per centum per annum with annual rests."

This provision of the new law would seem to afford a reasonable rule for ascertaining the value of compensation to be paid in a lump sum, which might be properly applied in determining the amount due under similar circumstances by the terms of the old law.

The judgment order in this case will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*