WINFIELD v. NEW YORK CENT. & H. R. H. CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1915.)

1. MASTER AND SERVANT ⬅►87½, New, vol. 16 Key-No. Series—COMPENSA-
TION FOR INJURIES—INJURIES IN INTERSTATE COMMERCE.

An employé, injured while tamping ties on a railroad track, used both
for state and interstate commerce, was entitled to the benefits of the
Workmen's Compensation Law (Consol. Laws, c. 67), in view of section
21 thereof, providing that in any proceeding for the enforcement of a
claim for compensation thereunder it shall be presumed, in the absence
of substantial evidence to the contrary, that the claim comes within the
provisions of that act, etc., and section 53, providing that an employer,
securing the payment of compensation by contributing premiums to the
state fund, shall become relieved from all liability for personal injuries
or death sustained by his employés, and the persons entitled to com-
pensation shall have recourse therefor only to the state fund, assuming
that, had the employer been negligent, the employé might have sued
under the federal Employers' Liability Act (Act April 22, 1908, c. 149,
35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]), since the statute, at
least prior to the recent amendment permitting settlement by a self-
insurer with the approval of the commission, contemplated settlements
by the state from moneys collected or caused to be secured to it, not
from a particular employer, but from all hazardous employments, and
the federal Employers' Liability Act, as indicated by its title and provi-
sions, relates only to the particular cases expressly provided for therein,
and is not such action by Congress as is contemplated by section 114 of the
Compensation Law, which provides that the provisions thereof shall apply
to employers and employés engaged in intrastate and also in interstate
or foreign commerce for whom a rule of liability or method of compensa-
tion has been or may be established by Congress, only to the extent that
their mutual connection with intrastate work may be clearly separable
and distinguishable from interstate or foreign commerce.

2. MASTER AND SERVANT ⬅►87½, New, vol. 16 Key-No Series—COMPENSATION
FOR INJURIES—EMPLOYER AS SELF-INSURER.

While the Workmen's Compensation Law permits the State Compensa-
tion Commission to accept the employer as a self-insurer, if he satisfies
it of his ability to respond or furnishes to it proper security, when he
becomes a self-insurer, he in effect takes the place of the state fund as
an insurer, and his liability is not strictly as an employer, but as self-
insurer, and the construction of the act or the right of the employés to
compensation is not thereby affected.

3. MASTER AND SERVANT ⬅►87½, New, vol. 16 Key-No. Series—WORKMEN'S
COMPENSATION LAW—LIBERAL CONSTRUCTION.

The Workmen's Compensation Law should be given a broad, liberal con-
struction, in order to carry out the beneficent purposes for which it was
enacted.

Smith, P. J., and Howard, J., dissenting.

Appeal from Workmen's Compensation Commission.

In the matter of the claim of James Winfield against the New York
Central & Hudson River Railroad Company for compensation under
the Workmen's Compensation Law. From a decision of the State
Workmen's Compensation Commission, the employer appeals. Af-
firmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

⬅►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Visscher, Whalen & Austin, of Albany, for appellant.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, of Albany, and Jeremiah F. Connor, of New York City, of counsel), for respondent.

JOHN M. KELLOGG, J.   [1] The claimant was injured while engaged in tamping ties upon the appellant's track, at Lake Katrine, Ulster county, N. Y., which was used both for state and interstate commerce.   While thus tamping the ties a stone flew up and injured his eye, for which injury this claim is made.   We may assume that if he had been injured by the defendant's negligence he could maintain an action therefor under the federal Employers' Liability Law. It is urged that he is not entitled to the benefit of the Workmen's Compensation Law, as he was injured while engaged in interstate commerce, but can seek only such remedies as the federal Employers' Liability Act gives him.

The federal Employers' Liability Act is entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases."   The title clearly indicates that it does not cover all the grounds of liability, but that the act relates only to the particular cases expressly provided for in it.   The provisions of the act relate solely to liability on account of negligence.   The several states, therefore, in the exercise of their police power, may make such laws and regulations for the protection of the laborers within the state as may seem best, unhampered by the federal Employers' Liability Act, except so far as they attempt to prescribe a liability for negligence or the remedies therefor in interstate commerce.

The Workmen's Compensation Law has no reference to the question of the negligence of the employer and creates no liability or remedy for negligence.   By section 19 of article 1 of the Constitution, the Legislature has the power to enact laws "for the protection of the lives, health or safety of employés, or for the payment, either by employers, or by employers and employés or otherwise, either directly or through a state or other system of insurance or otherwise, of compensation for injuries to employés or for death of employés resulting from such injuries without regard to fault as a cause thereof," except in certain cases.

The Workmen's Compensation Law was enacted under that provision, and the Legislature evidently intended to take care of the workmen through a state system of insurance.   The state insurance fund makes the compensation to the injured employé.   By insuring in the state fund the employer is under no liability to pay, and does not pay, anything to his employé.   The premium of insurance represents the only expense to him imposed by the law, and the Constitution provides that the moneys paid by him under the act shall be held to be a proper charge in the cost of operating the business.

While the moneys are paid to the injured employé by the state, nevertheless they have been collected from the various hazardous employments upon the basis of the number of men employed, the pay roll, and the supposed risks of such employment.   If the appellant had insured in the state fund, the fund would have received on

account of this injured employé moneys by way of premiums which are based upon his service upon the track and upon the theory that he is insured while so at work. The employer has been guaranteed by the act protection from any liability on account of accidents occurring in its business, and the employé has been promised protection from such accidents. The state fund, therefore, would not be in a good position to contend that the moneys so received were not applicable to compensate for an injury received in an employment which it has assessed and insured. The moneys in its hands for the benefit of injured employés would in part be paid for carrying this very risk.

[2] It is true that the statute permits the Compensation Commission to accept the employer as a self-insurer, if he satisfies it of his ability to respond or furnishes to it proper security; but, when he becomes a self-insurer, he in effect takes the place of the state fund as an insurer, and his liability therefor under the act is not strictly as an employer, but as a self-insurer. He has taken the place which the statute primarily intended the state fund to take, and necessarily assumes corresponding liabilities. He may choose not to be a self-insurer, and not to insure in the state fund, and to obtain insurance in a company or association authorized to make such insurance; but the company or association is simply taking the place of the state fund. The self-insurer, the company, or the association pays the losses to the fund. The fund, in all cases, through the Commission, makes the compensation to the employé.

[3] The statute should be given a broad and liberal construction, in order to carry out the beneficent purposes for which it was enacted. It is not a law fixing a liability for negligence, or fixing a liability upon or creating a cause of action against the employer, but, as we have said, is in substance a provision that the state will make compensation to injured employés in hazardous employments from moneys which it has collected or secured from them. It is a state system of insurance. No liability other than for premiums is imposed upon the employer, except by way of penalty. He may relieve himself from the payment of premiums by becoming a self-insurer.

The state may regulate business, and it is its duty to regulate businesses of such a hazardous nature that the employés are exposed to great dangers from risks incident to them. The people, in adopting the constitutional provision, and the Legislature, in enacting this statute, recognize the fact that these hazardous employments as a whole must contribute to the compensation for the injuries they ordinarily inflict upon the employés engaged in them. I think the real intent and purpose of the act is plain, when it is treated purely as a requirement of insurance in the state fund, and that the provision for a self-insurer and other insurance carriers are makeshifts adopted for the convenience of the employer, but which should not in any way infringe upon the integrity or the real spirit of the act. The legislative intent primarily is not to require any employer to make satisfaction to his employé for an injury sustained, but to make all the hazardous businesses contribute to a fund which shall compensate for any injury received in any one of such employments. The fact that

the employer takes advantage of certain provisions in the act and becomes a self-insurer does not affect the construction of the act, nor work to the prejudice of the employés engaged in that particular employment.

The act was intended to benefit equally all employés engaged in such employments. There was no intent to allow the employer by his act to change the purposes of the law, or to affect the benefits which his employés were entitled to under it, and which other employés receive. An employé is not prejudiced by the fact that his employer qualifies as a self-insurer, or insures otherwise than in the state fund. The rights of the employé under the act do not depend at all upon the manner in which his employer has elected to carry his insurance. The federal statute giving a remedy in certain cases of negligence does not interfere with the rights of the state to require that every employé in a hazardous employment shall be insured.

It is urged that the claimant may claim under the federal and the state statutes, thus securing a double compensation. That question must be met when it arises. If he resorts to the Compensation Law and receives compensation thereunder, probably, within the spirit of section 53 of that law, he has no remedy against the employer. If he receives compensation under either law, it may well be held that he has received pay for the injury which he has sustained upon a remedy chosen by him, and that his election of one of such remedies prevents him from resorting to the other. It is urged, however, that the employer in an interstate business may be put in an anomalous position by being required to show his own negligence in order to defeat the claim of the employé under the Compensation Law, if it is held that the Compensation Law does not apply to cases where the injury was caused by the negligence of the employer. If a claim is made against the employer under the Compensation Law, and he claims that law has no effect because the employé was injured in interstate commerce by the negligence of the employer, it will then be for the court to determine whether the employer can urge his own negligence to defeat the employé's claim for compensation. If he were not negligent, compensation must be made. Can he claim exemption by proving his own wrong? These questions present no serious objection to the interpretation we contend for.

We are not unmindful of the fact that some recent amendment to the Compensation Law, since the injury in question, permits settlement in some cases by the self-insurer with the approval of the Commission. It is not for us to consider the wisdom or the unwisdom of such amendment. It does not bear upon this case, and does not affect the broad principle that the original statute contemplated that the state was to settle for the injury from moneys which it had collected or caused to be secured to it, not from a particular employer, but from all hazardous employments. This resident of the state, working as a common laborer at the place of his residence upon a railroad track, who perhaps never was in or upon a railroad car, should not be deprived of the benefits of this remedial statute, enacted for his benefit, simply because at times interstate trains passed over

the road upon which he was working. The statute should not be killed by refinements, or construed to death, but, within the spirit of section 21 of the act, should be applied to every case arising in such hazardous employments where a federal statute does not necessarily conflict with it.

Congress has not established any general rule of liability or method of compensation between employers and employés. It has by the federal Employers' Liability Act only regulated the method of enforcing liability in cases of negligence, and that statute is not the action of Congress referred to in section 114 of the Compensation Law. If Congress makes a general regulation as to liability or compensation for accident occurring from the business without regard to fault as a cause thereof, as distinguished from actions of negligence, then section 114 must be considered. I favor an affirmance.

Award affirmed. All concur, except SMITH, P. J., who dissents in opinion, in which HOWARD, J., concurs.

SMITH, P. J. (dissenting). In this case the claimant was injured while engaged in tamping ties upon the appellant's track, which was used both for state and interstate commerce. While thus tamping the ties a stone flew up and injured his eye, for which injury this claim is made. It is assumed by all counsel that the claimant was injured while engaged in interstate commerce, and had this injury resulted from defendant's negligence the claimant would have a right of action under the federal Employers' Liability Act. The claim was allowed by the Compensation Commission with one dissenting vote, upon the ground apparently that, inasmuch as the accident was not claimed to have been caused by any negligence on the part of the defendant, the act of Congress had not assumed to regulate the liability of the defendant, and for such reason the Compensation Law of the state was applicable thereto.

By section 114 of the Compensation Act it is provided that the provisions of this chapter shall apply to a workman engaged both in intrastate and interstate commerce, "for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce." Congress has assumed to legislate upon the liability of masters to their servants where the masters are engaged in interstate commerce. Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291. These acts provide for a liability in excess of common-law liability. Upon the principle of "Expressio unius exclusio alterius," the acts constitute a denial of liability, except in the cases mentioned. In any event a rule of liability is established by Congress directly within the terms of section 114, and the work in which the claimant was engaged was not severable from interstate commerce. Section 114 seems to contemplate cases where Congress had legislated either as to a rule of liability or as to a method of compensation. It seems to have been within the mind of the Legislature that Congress might hereafter pass

a Workmen's Compensation Act. Having limited, however, the effect of this Compensation Act to cases in which either a method of compensation *or* a rule of liability had been established, the intent would seem clear to exclude all cases where the party was engaged in work not severable from interstate commerce, as long as the rule of liability of master to servant, where the work was performed in connection with interstate commerce, had already been prescribed by Congress.

It has been held in Illinois, which apparently did not have this provision in its Compensation Act, that where the accident happened without negligence of the employer there was no conflict between the state and federal jurisdiction; that the federal act attempted to regulate interstate commerce, while the state act was merely a method of compensation operative only after the act was accomplished. Staley v. Illinois Central Railroad Company, 186 Ill. App. 593. If this be sound law, of which I have grave doubts, nevertheless the limitation contained in section 114 of our Compensation Act to my mind creates a different rule.

Nor can it be claimed that the rule of liability established by the federal act is simply a rule of liability in case of negligence, so that as far as a state Compensation Act authorizes recovery for injuries without negligence, it does not conflict with the liability law. This cannot be held in the first place, as heretofore indicated, because of the limitation in the act itself, where either a rule of liability is created or a method of compensation by the federal government. But also to my mind the distinction is impracticable. A party injured could then claim compensation, whether his injury was the result of the negligence of the employer or without negligence, and it would be unreasonable to compel the employer to prove his own negligence to show that the case was one within which the rule of liability was established by the federal law. The result would be in most cases to give to the injured party an option to claim under the Compensation Act, or under the federal liability law. Apparently to prevent just this situation, as well as to avoid antagonism in a field already occupied by the federal statute, section 114 was inserted into this act, denying relief to one engaged in interstate commerce, in case either a federal liability law existed or a federal compensation act.

As far as the constitutionality of the Compensation Law is challenged, at the March term a decision was handed down by this court affirming its constitutionality, so that the question is not now open for our consideration. We are of the opinion that the appellant by filing a bond has not waived any objection to the unconstitutionality of the act, because in the first place the penalties for not filing a bond, if one be required, are so great as to make the filing of the same necessary for the protection of the appellant, and, in the second place, within section 114 of the Compensation Law the defendant is clearly liable under the act where the duties of an employé are clearly separable from interstate commerce.

For the reason stated, the determination should be reversed.

HOWARD, J., concurs.