SPRATT v. SWEENEY & GRAY CO. et al.  VALENTINE v. SMITH, ANGE-
VINE & CO., Inc., et al.  POST v. BURGER & GOHLKE et al.

(Supreme Court, Appellate Division, Third Department.  May 7, 1915.)

MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S
COMPENSATION ACT—APPLICATION TO ACCIDENTS OCCURRING WITHOUT
STATE—"EMPLOYÉ."
    Where an employé of an employer doing business in the state was in-
jured without the state, the Workmen's Compensation Act (Consol. Laws,
c. 67) nevertheless applied to the case, since the statute should be broadly
interpreted to protect the employé for all injuries received in the course
of the employment, and to charge upon the insurance fund the loss which
otherwise would fall upon the master, more especially as section 3, subd.
4, of the act, defines an "employé" as a person engaged in a hazardous
employment upon the premises or at the plant or in the course of his
employment away from the plant of his employer.
    [Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Employé.]
    Smith, P. J., dissenting.

Appeal from Workmen's Compensation Commission.

In the matter of the claims under the Workmen's Compensation Act
of John Spratt against the Sweeney & Gray Company and its in-
surer, of Mike Valentine against Smith, Angevine & Co., Incorporated,
and its insurer, and of William Post against Burger & Gohlke and its
insurer.  From awards of the Compensation Commission, the defend-
ant employers and their insurers appeal.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Bertrand L. Pettigrew, of New York City, for appellants Burger
& Gohlke and Employers' Liability Assur. Corporation.

James B. Henney, of New York City, for other appellants.

Egburt E. Woodbury, Atty. Gen., and E. C. Aiken, Deputy Atty.
Gen. (Jeremiah F. Connor, of New York City, of counsel), for re-
spondents.

JOHN M. KELLOGG, J.  The injuries sustained by the em-
ployés making these three claims resulted from accidents which oc-
curred in the state of New Jersey, except in the case of claim No.
1379, where the accident occurred in the state of Connecticut.  The
claimants are all residents of this state, where the employers are en-
gaged in business, and where the several contracts of employment
were presumably made.  All injuries were sustained in the ordinary
course of employment.  The state board has made the usual awards
of compensation, and the only question presented by these appeals
is as to whether the Workmen's Compensation Act of this state has
extraterritorial effect, so as to allow compensation for accidents oc-
curring in other states.

In McQueeney's Case, 153 N. Y. Supp. 554, decided at this term
of court, we considered the provision of the Compensation Law de-
claring a presumption that the case of an injured employé is within

the law, and found the presumption reasonable from the fact that the premium for insurance is based upon the pay roll of the employer, the number of employés, and the hazards of the different classes comprising each group; that the statute, by basing the amount to be paid into the fund upon the pay roll and the number of employés, contemplates that an employé while at work is engaged or may be considered as engaged all the while in the hazardous employment.

The same reasoning applies to this case. The employer is carrying on his business in this state and the premiums required to be paid by him are based upon the assumption that each of the employés who are engaged in and about his business are insured all the time they are acting within the course of their employment. The fact that an employé may from time to time be outside of the state in the course of his employment does not diminish the amount of premiums to be paid. The employer has paid for the insurance of his employé for all the time he is engaged in his work, and is entitled to the benefit of that insurance. The risk outside of the state is no greater than in the state, and it is immaterial to the insurer where the accident occurred, so long as it occurred in the business he had insured and during the time covered by the insurance. The fact, therefore, that the employer's contribution to the fund is based upon the pay roll and the number of men employed, without regard to the fact that from time to time some of them work outside of the state, emphasizes the fact that it is immaterial whether the injury took place within or without the state, so long as it occurred in the course of his employment, and gives emphasis to the provision of subdivision 4 of section 3 of the act, defining an employé as:

"A person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant or in the course of his employment away from the plant of his employer."

The time and earnings of the injured employé, while temporarily working outside of the state, will be represented in the employer's contribution to the fund.

The scheme of the statute is, in brief, to charge upon the business, through insurance, the losses caused by it, making the business and the ultimate consumer of its product, and not the injured employé, bear the burden of the accidents incident to the business. The statute contemplates the protection, not only of the employé, but of the employer, at the expense of the ultimate consumer. See In re Winfield, Employé, v. New York Central & H. R. R. Co., 153 N. Y. Supp. 499, decided at this term. The employé cannot refuse to do the master's bidding within the course of the employment upon the grounds that it requires him to pass over the state line, and the law cannot contemplate that he shall lose the benefit of the act because he is performing the duties of his employment. The statute must have a broad and liberal interpretation, to protect the employé for all injuries received in the course of the employment, and to charge upon the fund or the insurer the loss which otherwise must fall upon the

master. By complying with the act, the employer is guaranteed protection, and the moneys which he has paid into the fund, or secured to be paid, must bear the losses which they were intended to meet; otherwise, the employer and the employé are suffering at the hands of the state.

In the McQueeney Case and the Winfield Case we considered that the self-insurer, or the employer who insured otherwise than in the state fund, has no advantage or disadvantage in the construction of the statute from the fact that he insured otherwise than in the state fund. The law contemplates equality, and that all employés and employers shall be measured by the same rule, without regard to the particular manner in which the insurance is carried.

The award should be affirmed. All concur, except

SMITH, P. J. (dissenting). I am unable to find in the act itself any clear expression of intent as to its precise scope territorially. The definition of "employé" in subdivision 4 of section 3, as including a person engaged in working "in the course of his employment away from the plant of his employer," literally includes a workman, no matter at how great a distance from the plant he may be working, and yet seems too weak an expression in form to cover employment anywhere in this or a foreign country. The Ohio Compensation Act (Laws 1911, p. 524), which has an admitted extraterritorial scope, uses the much stronger expression, *"wheresoever* such injury has occurred." Section 114 seems to exclude from the operation of the act workmen within the state engaged in state and interstate commerce, who are subject to federal legislation, and group 8 of section 2 includes the operation and repair of certain vessels "within or without the state." It is urged that this last clause assumes that the act as a whole excludes work performed without the state, as otherwise this clause would be clearly unnecessary.

We are met at the start by the argument that our former statutes, permitting recovery of damages for death by negligence, and the old employers' liability acts, have always been held not to be extraterritorial. The death or injury must have occurred within this state to allow recovery upon such a statute, although if a similar statute of a foreign jurisdiction were proved then by comity recovery could be had in this state upon such foreign statute; the law of this state applying simply in matters of procedure and detail. Kiefer v. Grand Trunk R. Co., 12 App. Div. 28, 42 N. Y. Supp. 171, affirmed on opinion below in 153 N. Y. 688, 48 N. E. 1105; Johnson v. Phœnix Bridge Co., 133 App. Div. 807, 118 N. Y. Supp. 88, as modified by 197 N. Y. 316, 90 N. E. 953. If, then, the act in question is similar to the two classes of statutes cited, it would follow that there is a strong presumption against its extraterritoriality. Consequently if there are compensation acts similar to our own in both New Jersey and Connecticut, for instance, the laws of such states could be enforced by our courts for accidents occurring in such states, but no recovery could be had under our own statute for such accidents. If, on the other hand, our Compensation Act creates merely a contractual relation between employer

and employé, it would seem to follow that a recovery might be had in this or any other state under this act, no matter where the injury might occur. See Dyke v. Erie Ry., 45 N. Y. 113, 6 Am. Rep. 43.

This question is not free from doubt and the decisions are conflicting. I think, however, that the basis of recovery provided for by this act is more in the nature of a tort, such as was the basis of recovery under the old death and employers' liability acts, than of a mere contractual obligation. The liability created is thus imposed by law upon the parties, so that the contract, if any there be, is not one freely entered into, such as are ordinary contracts of insurance. The act is a compulsory one in this state. It is a general principle that the statutes of a state do not operate as to injuries which may be suffered by its citizens beyond its borders. This is a rule of statutory construction merely, in order to avoid conflict with the foreign lex loci and the double liability which would otherwise result. "Prima facie all laws are coextensive, and only coextensive, with the political jurisdiction of the lawmaking power." See Whitford v. Panama Railroad Co., 23 N. Y. 465, 470, 471. It is of course admitted, as was laid down by Judge Denio in the case cited, that it is "within the competency of the Legislature to declare that any wrong which may be inflicted upon a citizen of New York abroad may be redressed here according to the principles of our law." The only question now is whether in this instance the Legislature can be deemed to have done so when the courts have uniformly held that the various acts mentioned did not have any extraterritorial effect. In a recent case before the Supreme Court of Minnesota it appeared that the plaintiff entered defendant's employment in that state, but was working in the state of Wisconsin at the time he was injured. The defendant had elected to accept the provisions of the Wisconsin Workmen's Compensation Act (Laws 1911, c. 50), and it was held that the plaintiff's right to damages or compensation depended upon the law of Wisconsin, where the injury occurred. Judgment for the defendant was affirmed. The court held:

"But, although plaintiff's cause of action is predicated upon his relation of a servant to defendant, and the latter's obligations as master, it is nevertheless one in tort. As to such actions, the law is well settled that the liability or right of action is determined by the law of the place where the injury is inflicted, without regard to the law of the forum or the law of the place where the contract was made. [Authorities cited.] This eliminates from consideration the law of the place where the contract of employment was made in determining what redress plaintiff may have for the injuries received when working for defendant in Wisconsin. Plaintiff must resort to the law as it is in that state to find his right to relief." Johnson v. Nelson (Minn.) 150 N. W. 620.

In the leading case of In re Gould, 215 Mass. 480, 102 N. E. 693, Ann. Cas. 1914D, 372, involving an injury sustained outside the state. of Massachusetts, the court said:

"In the absence of unequivocal language to the contrary, it is not to be presumed that statutes respecting this matter are designed to control, conduct or fix the rights of parties beyond the territorial limits of the state."

The Massachusetts Compensation Act (Laws 1911, c. 751) contained no express statement of its territorial limitations, but did contain cer-

tain provisions that indicated an intent that it should not apply to accidents without the state, and the court so held. This case gives us little assistance on account of the special features of the Massachusetts act. Compensation acts have also been held to have no extraterritorial effect in—Great Britain: Tomalin v. S. Pierson & Son, 100 L. T. 685; Schwartz v. India Rubber, Guttapercha & Telegraph Works Co., 2 K. B. 299; Hicks v. Maxton, 124 L. T. Rep. 135. Michigan: Keyes Davis Co. v. Allerdyce, Michigan Industrial Accident Board, April, 1913. Wisconsin: Ruling of Industrial Commission. See, also, Harper on the Law of Workmen's Compensation in Illinois, at page 127 and following, where the opinion is given that the Illinois act, on account of special features, is not extraterritorial in its application, thus in effect following the reasoning of the Gould Case cited.

In the following cases extraterritorial effect has been allowed: New Jersey: Deeny v. Wright & Cobb Lighterage Co., Essex Common Pleas, 36 N. J. Law J. 121. Ohio: Re Edward Schmidt (claim No. 6) Ohio State Liability Board, award July 10, 1912, opinion of Attorney General, March, 1914. Connecticut: Re Welton v. Waterbury Rolling Mill Co. et al., opinion by Compensation Commissioner, Nov. 5, 1914. Reference may also be made to the valuable article in Bradbury's Workmen's Compensation Law (2d Ed.) vol. 1, at page 34 and following, in which the author reviews the decisions and favors the view that these acts in general should be construed as applicable to accidents occurring outside of the various states of their enactment, upon the ground that the liability created is essentially contractual in its nature.

With the weight of authority against the extraterritoriality of these acts, I do not feel justified in giving to this act an extraterritorial scope, in the absence of a plainly declared intent to such effect in the act itself. If the Legislature did have such an intent in enacting this statute, it should have been more clearly expressed in the provisions of the act. The act radically changes the former statutory and common-law liability for industrial accidents, and consequently must be construed strictly.

The several awards of the Commission should be reversed.