HOLLAND-ST. LOUIS SUGAR COMPANY v. SHRALUKA.

[No. 9,590. Filed May 29, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Right to Compensation.*—To entitle a workman to an award of compensation under the Workmen's Compensation Act, his injuries must result from an accident arising out of and in the course of the employment. p. 547.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Construction.*—The words "by accident arising out of and in course of the employment," as used in workmen's compensation acts, should be given a broad and liberal construction in order that the humane purpose of such enactments may be realized. p. 548.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Accident Arising Out of Employment.*—An accident may be said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment, and the causal relation is established when the accident is shown to have arisen out of a risk which a reason-

able person might have comprehended as incidental to the employment at the time of entering into the employer's service, or when the evidence shows an incidental connection between the conditions under which the employe works and the resulting injury. p. 549.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.*—An accident to an employe is deemed to have arisen out of the employment when it occurs in the performance of such acts as are necessary to the life, comfort and convenience of the workman while at work, though personal to himself, and not technically acts of service. p. 549.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.*—An accident to a workman may arise out of and in the course of his employment, within the meaning of the Workmen's Compensation Act, even though he is not working at the time of the accident. p. 550.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.*—Where a factory employe was summoned from his work to answer a telephone call in another part of the plant and, while going to the telephone, was injured by falling down a stairway, the accident is one arising out of the course of the employment, since, in the absence of a rule forbidding such action by employes, it will be presumed that he was performing an act necessary to his comfort and convenience. p. 550.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.*—Where a factory employe was directed to answer a telephone call in another part of the plant, he was warranted in assuming, in the absence of information to the contrary, that the telephone call pertained to his employment, and his injury by falling down a stairway while going to the telephone was one arising out of and in the course of the employment. p. 551.

From the Industrial Board of Indiana.

Action by Barton Shraluka under the Workmen's Compensation Act against the Holland-St. Louis Sugar Company. From an award for plaintiff, the defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens* and *Smiley N. Chambers,* for appellant.

DAUSMAN, J.—On January 13, 1916, appellee was in the employ of appellant, and was working in appellant's

sugar factory at Decatur, Indiana. His hours of work were from six o'clock in the morning to six o'clock in the evening continuously, without the allowance of time for noonday lunch, and for seven days in each week. His regular task was operating a centrifugal machine, but on said day he was ordered by the foreman to go to the third floor and wipe the belt on the beet slicer. While working on the third floor, appellant's chemist called to him from the second floor and informed him that he was wanted at the telephone. In response to said call Shraluka started to walk down the stairway and, after taking the first step on the stairs, he slipped on some pieces of beet and fell to the floor below, thereby sustaining the following injuries: A broken elbow, broken nose, a cut on the forehead, a cut on the chin, four teeth knocked out, and both kneecaps fractured. It afterward developed that the telephone call was not for Shraluka, but was for another employe. At the time of the accident he was married and had two children. Appellant denied liability for compensation, and appellee filed his application with the Industrial Board for an award. A hearing was held before one of the members of the board which resulted in an award. Appellant then, through its insurance carrier, filed an application for a review, and thereupon the full board reviewed the evidence, made a finding of facts, and awarded compensation to appellee.

The question presented by this appeal is: Was the accident which resulted in appellee's injuries an "accident arising out of and in the course of the employment"? To entitle a workman to an award of compensation under the Workmen's Compensation Act his injuries must result from an accident arising out of and in the course of the employment. Appellant frankly concedes that in the case at bar the accident occurred in the course of the employment, but

denies that it arose out of the employment. Appellant's contention is that Shraluka, by leaving his work to go to the telephone in response to the call of appellant's chemist, withdrew from its employment to such an extent that the accident did not arise out of the employment. While appellant's concession theoretically eliminates one element, yet the two, if not synonymous, are so entwined that they are usually considered together in the reported cases and a discussion of one of them involves the other.

The courts are practically unanimous in holding that the words "by accident arising out of and in the course of the employment," as used in workmen's com-

2.  pensation acts, should be given a broad and liberal consideration in order that the humane purpose of their enactment may be realized. *Kennerson* v. *Thames Towboat Co.* (1915), 89 Conn. 367, 94 Atl. 372, L. R. A. 1916A 436; *Young* v. *Duncan* (1914), 218 Mass. 346, 106 N. E. 1; *Coakley's Case* (1913), 216 Mass. 71, 102 N. E. 930, Ann. Cas. 1915A 867; *Matter of Petrie* (1915), 215 N. Y. 335, 109 N. E. 549; *Matter of Moore* v. *Lehigh Valley R. Co.* (1915), 169 App. Div. 177, 154 N. Y. Supp. 620; *Donahue* v. *Sherman's Sons Co.* (1916), 39 R. I. 373, 98 Atl. 109, L. R. A. 1917A 76; *Zappala* v. *Industrial Ins. Comm.* (1914), 82 Wash. 314, 144 Pac. 54, L. R. A. 1916A 295; *Kiel* v. *Industrial Comm.* (1916), 163 Wis. 441, 158 N. W. 68; *Milwaukee* v. *Miller* (1913), 154 Wis. 652, 144 N. W. 188, L. R. A. 1916A 1, Ann. Cas. 1915B 847; *Matter of Winfield* v. *New York, etc., R. Co.* (1915), 168 App. Div. 351, 153 N. Y. Supp. 499; *In re Panasuk's Case* (1914), 217 Mass. 589, 105 N. E. 368; *Post* v. *Burger & Gohlke* (1915), 168 App. Div. 403, 153 N. Y. Supp. 505.

In general terms an accident may be said to arise out of the employment when there is a causal connec-

tion between it and the performance of some service of the employment. *McNicol's Case*
(1913), 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A 306; *Milliken's Case* (1914), 216 Mass. 293, 103 N. E. 898. The causal relation is established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment, at the time of entering into the employment; or, when the evidence shows an incidental connection between the conditions under which the employe works and the resulting injury. *Zabriskie* v. *Erie R. Co.* (1913), 85 N. J. Law 157, 88 Atl. 824; *McNicol's Case, supra; Von Ette's Case* (1916), 223 Mass. 56, 111 N. E. 696, L. R. A. 1916D 641; *Clem* v. *Chalmers Motor Co.* (1914), 178 Mich. 340, 144 N. W. 848, L. R. A. 1916A 352; *Donovan's Case* (1914), 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C 778; *Pigeon's Case* (1913), 216 Mass. 51, 102 N. E. 932, Ann. Cas. 1915A 737; *Sundine's Case* (1914), 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A 318; *Brightman's Case* (1914), 220 Mass. 17, 107 N. E. 527, L. R. A. 1916A 321; *Archibald* v. *Compensation Commissioner* (1916), 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D 1013; *Northwestern Iron Co.* v. *Industrial Commission* (1915), 160 Wis. 633, 152 N. W. 416; *Terlecki* v. *Strauss* (1914), 85 N. J. Law 454, 89 Atl. 1023.

Such acts as are necessary to the life, comfort and convenience of the workman while at work, though personal to himself, and not technically acts of service, are incidental to the service; and an accident occurring in the performance of such acts is deemed to have arisen out of the employment. Such acts are regarded as inevitable incidents of the employment, and accidents happening in the performance of such acts are regarded as arising out of and in the course of the employment. From the foregoing propo-

sitions it follows logically that an accident to a workman may arise out of and in the course of his employment, within the meaning of the statute, even though he be not actually working at the time of the accident.

The cases above cited are valuable for the purpose of illustrating the application of the foregoing general principles; but, of course, each case must be decided upon its own peculiar facts. In the case at bar did Shraluka, by momentarily leaving the work in which he was engaged to go to the telephone, abandon his employment? Was Shraluka's conduct in responding to the call of the chemist a natural and reasonable incident of his employment?

The appellee's daily period of service under the terms of his employment extended from six o'clock a. m. continuously until six o'clock p. m., without even the privilege of leaving the factory for his noon lunch and without any time allowed for lunch. The accident happened within this period of service and within appellant's factory, where he was required to be. Can it be justly said that it is unreasonable for an employe, so circumscribed as to time and place, to go to the employer's telephone in the factory where he is working? Confined within the walls of appellant's factory for twelve consecutive hours each day and for seven days each week, under the terms of his employment, he was not required completely to shut himself off from any communication with wife, child, or friend. When a workman in a factory goes to a telephone which is maintained in the factory to answer a call, from whatever source, it will be presumed that he is performing an act necessary to his comfort and convenience, and that such act is an incident of his employment, where the employer has established no rule to the contrary.

But Shraluka's case rests on firmer ground. He was called by the chemist and told that he was wanted at the telephone. The chemist was in the employ 7. of appellant and occupied a position superior to appellee in the organization of appellant's working force. Shraluka may reasonably have regarded that call as an order to go to the telephone. He was not told by the chemist by whom or in reference to what subject he was wanted. No duty of foreknowing who called at the other end of the line or what was to be the subject of the conversation rested upon him. For aught that is disclosed by the evidence, Shraluka had reason to believe that the foreman under whom he worked and whose orders he was required to obey was calling him to the telephone for the purpose of communicating directions concerning his employment. Certainly he was not informed and did not know that such was not the case. In the absence of information to the contrary he had the right to assume that the telephone call pertained to his employment, and had the right to act upon that assumption. Under these circumstances the risk of going to the telephone was not merely an incident of his employment, but was an inherent and component element of it. In our opinion the accident. arose out of and in the course of appellee's employment.

The award made by the Industrial Board is affirmed.

NOTE.—Reported in 116 N. E. 330. Workmen's compensation: what is an accident "arising out of and in course of employment" within meaning of act, Ann. Cas. 1913C 4, 1914B 498, 1916B 1293, 1918B 768, L. R. A. 1916A 40, 232.