## In re Ayers.

[No. 10,086. Filed January 18, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Accident Arising Out of and in Course of Employment.*—The words "by accident arising out of and in the course of the employment," as used in workmen's compensation acts, are liberally construed. p. 462.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Right to Compensation.*—A workmen receiving an injury while on or near the place of work, or at a place to which his employment requires him to go while performing a service incident to or connected with his employment, or which is reasonably necessary for, and preparatory to, the beginning of his work, or while doing something reasonably connected with his employment, or incident

thereto, after his actual labors are completed for the day, may be allowed compensation for such injury. p. 462.

3. MASTER AND SERVANT.—*Workmen's Compensation.—Injury Arising Out of Employment.*—Where an employe is injured while on duty, or while performing some act incident to his employment, and reasonably necessary to his personal health or comfort, though not strictly necessary to his employment, such injury will ordinarily be held to arise out of the employment. p. 463.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of Employment.*—Where an employe is performing an act incident to his employment, while on the employer's premises, which is customary among the employes, and the employer has acquiesced in such custom for a considerable period of time, an injury received by the employe while so engaged will ordinarily be held to arise out of the employment within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392.)    p. 463.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Right to Compensation.—Servant's Negligence.*—An injured employe, otherwise entitled to compensation, cannot be denied the benefit of the Workmen's Compensation Act (Acts 1915 p. 392), because he was guilty of negligence in doing the act which resulted in his injury. p. 463.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Right to Award.—Injuries Arising in Course of Employment.*—Where it was the custom of factory employes, with the master's knowledge and acquiescence, to provide warm water, with which to wash before going off duty, by heating an iron bar in the furnace and then dropping the heated bar into a bucket of water, and a servant who, on an occasion when the furnace fire was extinguished, went for the first time into another department, and, mistaking a tank of hot acid for water, placed a bucket of cold water therein for the purpose of heating it, and caused an explosion in which he was severely burned, the accident resulting in the injury arose out of the employment within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392).    p. 464.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Wilful Misconduct.—Intentional Self-Inflicted Injury.*—Where the fire in factory furnaces was out and the employes could not employ the usual means of heating water with which to wash, an employe, who for the first time went into another department, and, mistaking a tank of boiling acid for water, placed a bucket of cold water therein to heat it, and caused an explosion in which he was burned, was not guilty of "wilful misconduct" or "intentional self-inflicted injury" within the meaning of §8 of the Workmen's Compensation Act (Acts 1915 p. 392.)    p. 464.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Omer Ayers. Certified question of law by the Industrial Board. *Question answered.*

FELT, J.—The Industrial Board of the State of Indiana has certified to this court a statement of facts and propounded a question of law thereon, for decision and determination by the court, as follows:

"Statement of Facts: On and prior to the 23rd day of November, 1916, Omer Ayers was in the employment of the Ansted Spring and Axle Company as a shearer at an average weekly wage of $15.95; that on and prior to the 23rd day of November, 1916, a custom existed in the defendant's factory and among its employes whereby the employes quit their actual work about fifteen minutes before going off actual duty and leaving the factory; that during said fifteen minutes it was the custom among the said employes to wash their hands and faces and make changes in their clothing preparatory to leaving the factory; that for the purpose of washing their hands and faces the custom existed among the employes of heating a small bar of iron in the furnace and then dropping the heated bar of iron into a 'bucket of water; that this custom existed with the knowledge and acquiescence of the Ansted Spring and Axle Co.; that on the evening of November 23rd, 1916, the fires in the furnaces had gone out when the employes quit their actual work for the purpose of washing and preparing to leave the factory; that on discovering the furnace had gone out the said Omer Ayers and another employe went into a room adjacent to the one in which they worked, but which was in a sepa-

rate department from the one in which they worked; that in the said room the said Omer Ayers and his coemploye observed a tank of hot. liquid which had the appearance of water and which the said Omer Ayers and his coemploye thought to be water; that acting upon said belief they raised the lid of said tank and the said Omer Ayers placed a bucket of cold water therein; that the liquid in the tank was not water, but was an explosive acid; that when the cold bucket, which the said Omer Ayers placed therein, came into contact with the acid in the tank, an explosion occurred by which the said Omer Ayers was severely burnt over his head, face and hands; that as a result of said injury he was wholly disabled for work continuously from the 23rd day of November, 1916, until and including the 7th day of May, 1917, and continuously since he has been partially incapacitated for work, as a result of said injury, and is now so partially incapacitated and will be for a period of time which cannot be determined at this time; that the Ansted Spring and Axle Co. had actual personal knowledge of the accident resulting in the injury of the said Omer Ayers at the time that it occurred, and had actual knowledge of the extent of his injuries at the time that they were inflicted; that the evening of November 23rd, 1916, was the first occasion upon which the said Omer Ayers had worked after the fires had gone out of the furnaces, and was the first occasion when he had gone into the adjoining room and attempted to heat his water by placing the cold bucket in the acid tank; that at the time of the said injury and prior thereto, the said acid tank contained no label or placard indicating its contents, or that the contents were dangerous; that since the injury of the said Omer Ayers the said employer has labeled

the said tank so as to indicate the character of its contents and that it is dangerous.''

''Question of Law: Did the accident resulting in the injury, described in the foregoing statement of facts, arise out of the employment of Omer Ayers with the Ansted Spring and Axle Company?''

The words ''by accident arising out of and in the course of the employment,'' as used in the workmen's

1. compensation acts, are liberally construed to accomplish the humane purposes of such laws. *Holland, etc., Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330, 331, and cases cited; *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142.

A workman who receives an injury while at a place on, or reasonably near, the premises where he is to work, or at a place to which his employment

2. requires him to go while doing something incident to or connected with his employment, or which is reasonably necessary for, and preparatory to, the beginning of his work, or while doing something reasonably connected with his employment, or incident thereto, after his actual labors in his employment are completed for the day, or for any particular period, may be allowed compensation for such injury. L. R. A. 1916A 235, 236, 237 and notes; *Terlecki* v. *Strauss* (1914), 85 N. J. Law 454, 89 Atl. 1023; *Edmunds* v. *S. S. Peterston* (1911), 5 B. W. C. C. 157; *Webber* v. *Wansborough Paper Co.* (1914), 7 B. W. C. C. 795; *Keyser* v. *Burdick & Co.* (1910), 4 B. W. C. C. 87; *Scott* v. *Payne Bros.* (1914), 85 N. J. Law 446, 89 Atl. 927, 4 N. C. C. A. 682; *Sundine's Case* (1914), 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A 318; *Mc-Nicol's Case* (1913), 215 Mass. 497, 102 N. E. 967, L. R. A. 1916A 306.

Where an employe is injured while on duty, or while doing something incident to his employment and reasonably necessary to his personal
3. health or comfort, though not strictly necessary to his employment, such injury will ordinarily be held to arise out of the employment. *Terlecki* v. *Strauss, supra;* L. R. A. 1916A 317, 318; *Clem* v. *Chalmers Motor Co.* (1914), 178 Mich. 340, 144 N. W. 848, L. R. A. 1916A 352; *Archibald* v. *Ott* (1916), 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D 1013; *Matter of Moore* v. *Lehigh Valley R. Co.* (1915), 169 App. Div. 177, 154 N. Y. Supp. 620; *Larke* v. *Hancock Mutual Life Ins. Co.* (1916), 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E 584.

Where an employe is doing an act incident to his employment, while on the premises where he is employed to work, which is customary among the
4. employes, and the employer has acquiesced in such custom for a considerable length of time, an injury received by such employe while so engaged will ordinarily be held to arise out of the employment within the spirit and meaning of the Indiana Workmen's Compensation Act. Acts 1915 p. 392. *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324, and cases cited.

An injured employe otherwise entitled to compensation cannot be denied the benefit of the Workmen's Compensation Act, *supra*, because he was
5. guilty of negligence in doing the act which resulted in his injury. L. R. A. 1916A 232 *et seq.; In re Loper, supra; Clem* v. *Chalmers Motor Co., supra; Matter of Moore* v. *Lehigh Valley R. Co., supra; Scott* v. *Payne Bros., supra.*

The fact that the injured employe departed from the usual and customary way of providing hot water

6. ·for washing, when deprived of the usual means of heating water for such purpose, cannot deprive him of the benefits provided by the Indiana Workmen's Compensation Act, *supra*. He was still pursuing his original purpose, and the deviation in the plan of accomplishing the end in view, under the circumstances, was not unreasonable or unnatural.

The custom of washing before leaving the premises and of providing suitable water by the means indicated by the finding of facts was known to and acquiesced in by the master. No other means had been provided for the workmen to enable them to cleanse themselves before leaving the place of work.

7. The act of going into an adjoining department falls short of showing "wilful misconduct" or "intentional self-inflicted injury." §8, *supra*. It evidences a mistake and might afford proof of negligence on the part of the employe, but negligence is not involved in the question presented for our determination. *Clem* v. *Chalmers Motor Co., supra; Archibald* v. *Ott, supra; Sundine's Case, supra; Holland, etc., Sugar Co.* v. *Shraluka, supra;* L. R. A. 1916A 320; L. R. A. 1916A 355; L. R. A. 1916A 317.

The question submitted should be, and is, answered in the affirmative.

Batman, P. J., Dausman, and Hottel, JJ., concur.
Caldwell, J., and Ibach, C. J., dissent.

Note.—Reported in 118 N. E. 386. Workmen's compensation: what is an accident arising out of and in the course of the employment within meaning of act, Ann. Cas. 1913C 4, 1914B 498, 1916B 1293, 1918B 768, L. R. A. 1916A 40, 232, 1917D 114; serious and wilful misconduct of employe as affecting recovery, Ann. Cas. 1916A 791.