# 𝔖taunton

WILLIAM B. COHEN, EXECUTOR, ET ALS. V. COHEN'S
DEPARTMENT STORE, INC.

September 9, 1938.

Present, All the Justices.

The opinion states the case.

*Fred B. Greear,* for the appellants.

*Bandy & Bandy,* for the appellee.

GREGORY, J., delivered the opinion of the court.

The petitioners in this cause represent that they are aggrieved by an award of the Industrial Commission in which a claim for compensation for injury to their decedent was denied.

J. E. Cohen, deceased, filed the original claim but died before it was decided. His deposition was taken and forms a part of the record.

J. E. Cohen was president of the defendant corporation which was engaged in the retail mercantile business. He was employed by the firm as manager and clerk at a salary of $225 per month. On Saturday afternoon, May 23, 1936, he was in the ladies department, standing near the door, and while attending to business, Dr. Robert Jones called to

him from his automobile which was parked at the curb diagonally from the door of the store, a distance of about twenty-five feet. Dr. Jones was a customer of long standing and owed an account of $159.93 to the defendant corporation. At the time he was waiting for his wife who had gone into the store to make a purchase. In response to his call, Mr. Cohen went across the sidewalk to speak to him, thinking "now is a good time to ask him for a little money." There is a conflict in the testimony as to whether or not golf was discussed, but be that as it may, the two gentlemen exchanged pleasantries, and the testimony of both parties discloses the fact that the account of Dr. Jones was mentioned and he promised to pay his bill the next week, which promise he later carried out. When the wife of Dr. Jones returned Mr. Cohen assisted her into the car and upon stepping back, fell upon the sidewalk and broke his hip (fractured the surgical neck of the femur). He died as a result of this injury about six months later.

The claim was denied by the commission because it was of the opinion that the injury did not arise out of and in the course of his employment.

The question presented is whether Mr. Cohen abandoned his employment and assumed risks not incidental thereto by leaving the store for a few minutes, crossing the sidewalk to the curb, a distance of approximately twenty-five feet, and there conversing with one of his regular customers about the game of golf and also about an account of $159.93 due the store by the customer.

Only an injury by accident arising out of and in the course of the employment is compensable. Code, section 1887 (2) (d).

A careful study of the record in this case reveals that Mr. Cohen's injury arose out of and in the course of his employment. One of his duties was that of keeping customers satisfied, and it could not be said that he abandoned his employment when he answered a call of a customer who was sitting in a car parked at the curb in front of the store. The fact that he and the customer discussed an account of

$159.93 which the customer owed the store is an even stronger argument that Mr. Cohen acted in furtherance of the employer's interest.

There may be many instances where an employee would be justified in leaving a store and going upon the sidewalk in front of the store and still be acting within the course of his employment. Many duties in connection with the employment render it necessary that an employee go upon the sidewalk at times. If an employee is called out of the store to the sidewalk upon some direct or indirect business mission connected therewith, or if he is upon the sidewalk for some incidental purpose indirectly connected with his employment and is injured, in either case we think the injury is compensable.

In the recent case of *Bradshaw* v. *Aronovitch,* 170 Va. 329, 196 S. E. 684, Mr. Justice Eggleston, speaking for this court, cited *In re McNicol,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, a leading case. The applicable quotation used in the *Bradshaw Case* will not be repeated here.

In *Bradshaw* v. *Aronovitch, supra,* the injured employee was riding on a truck and sitting next to the driver. He left his seat and while the truck was in motion climbed towards its body to get a soft drink. He fell from the truck and was killed. The court held that the employee was killed by an accident arising out of and in the course of his employment. Many authorities are cited to sustain the conclusion reached in that case, both from Virginia and elsewhere.

In *Robinson* v. *State,* 93 Conn. 49, 104 A. 491, the employee was a road foreman engaged in the repair of one side of the road and while so engaged, a friend drove up and stopped his car on the other side of the road. The employee started across the road to talk to his friend but he was struck while crossing the road and killed. The court held that the employee did not step outside his employment by crossing the road in response to a friendly salutation.

*In re Ayers,* 66 Ind. App. 458, 118 N. E. 386, 387, the Indiana court has this to say: "The words 'by acci-

dent arising out of and in the course of the employment,' as used in the Workmen's Compensation Acts, are liberally construed to accomplish the humane purposes of such laws. *Holland-St. Louis Sugar Co.* v. *Shraluka* [64 Ind. App. 545], 116 N. E. 330, 331, and cases cited; *In re Harraden* [66 Ind. App. 298], 118 N. E. 142.

"A workman who receives an injury while at a place on, or reasonably near, the premises where he is to work, or at a place to which his employment requires him to go while doing something incident to or connected with his employment, or which is reasonably necessary for, and preparatory to, the beginning of his work, or while doing something reasonably connected with his employment, or incident thereto, after his actual labors in his employment are completed for the day, or for any particular period, may be allowed compensation for such injury." (Citing many cases.)

The holding of the Indiana court is peculiarly applicable here because the Virginia act is based upon that of Indiana. *Hoffer Bros.* v. *Smith*, 148 Va. 220, 138 S. E. 474.

In *Clifton* v. *Kroger Grocery & Baking Co.*, 217 Mich. 462, 187 N. W. 380, 381, it is said: "Broadly defined, it may be taken as authoritatively settled that 'out of and in the course of his employment' covers those accidents which befall an employee while he is discharging some duty he is authorized or directed to perform for the furtherance, directly or indirectly, of his employer's business."

The appellee relies upon *Dreyfus & Co.* v. *Meade*, 142 Va. 567, 129 S. E. 336. That case was what is known in compensation cases as a "street case." A night watchman had left his place of work and was crossing a street two blocks away for the purpose of getting a lunch. He was struck by a passing car and compensation was denied because his employment did not require him to be at the place where the injury occurred, and he was on a personal errand of his own not even incidentally connected with his employment and performing no service for his employer

when injured. It is at once apparent that the facts in that case are dissimilar from those in the case at bar.

In *Barrager* v. *Industrial Commission,* 205 Wis. 550, 238 N. W. 368, 78 A. L. R. 679, the question was whether the employee who received an injury while on a trip was acting within the scope of his master's business. The court held that if the work creates the necessity for the travel the employee would be in the course of his employment. If, on the other hand, the necessity for the trip was created for his own private purposes, he would not be in the course of his employment and would not be entitled to compensation for injuries received while on the trip.

The case of *California Casualty Indemnity Exchange* v. *Industrial Commission,* 190 Cal. 433, 213 P. 257, was another "street case." There the driver of a truck was injured while crossing the street from a cigar store after having obtained lunch at a place where his duties did not call him. The court held that the injury did not arise out of or in the course of his employment so as to entitle him to compensation.

There is nothing in *Tyree* v. *Commonwealth,* 164 Va. 218, 179 S. E. 297, in conflict with what we have said here concerning the phrase "arose out of and in the course of the employment." In fact the meaning of those words was defined and the *McNicol Case, supra,* was cited and relied upon as sustaining the opinion that compensation should be allowed in the *Tyree Case.*

Many other cases are cited in the briefs but we deem it unnecessary to refer to them. The pertinent cases are without number but we do not feel justified in discussing them.

We are of opinion that Mr. Cohen received his injury by an accident arising out of and in the course of his employment, and that the claim should not have been rejected. The order is reversed and the case is remanded to the Industrial Commission for further proceedings in accordance with this opinion.

*Reversed and remanded.*