# Richmond

NORFOLK & WASHINGTON STEAMBOAT COMPANY, A CORPORATION, ET AL. V. W. D. HOLLADAY.

November 20, 1939.

Record No. 2190.

Present, All the Justices.

*Venable, Miller, Pilcher & Parsons* and *W. E. Kyle,* for the appellants.

*Henry Bowden,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

W. D. Holladay, an employee of the Norfolk & Washington Steamboat Company, while walking along a trestle of the Chesapeake & Ohio Railway Company, between Old Point and Phoebus, was struck and badly injured by a passing train. The Industrial Commission found that the claimant

had been injured by an accident arising out of and in the course of his employment and awarded compensation. From this award the present appeal has been taken by the employer and its insurance carrier.

The record discloses that the claimant, aged thirty-one, was on the date of the accident, November 5, 1938, employed as a passenger representative and tour conductor. On the evening preceding the accident he left Washington, D. C., on one of his employer's steamers in charge of a number of passengers who were on a tour to Norfolk, Williamsburg, Yorktown, Old Point, and other places of interest in that vicinity. The steamer arrived at Norfolk at 8:00 o'clock in the morning, when the passengers boarded buses and under Holladay's guidance and supervision were taken to the various scheduled points of interest. They arrived at the Chamberlin Hotel, at Old Point, shortly before 6:00 P. M., where the party was to have dinner and was to board the steamer which was due to leave the near-by wharf about 7:45 P. M. for Washington.

It was a part of Holladay's duties to look after the wants and comforts of the members of his party and to make their trip as pleasant as possible. While the party was at dinner, between 6:00 and 6:30 P. M., certain of the members requested Holladay to procure for them some whiskey for consumption on the boat. To comply with this request it was necessary that he go to the nearest State liquor store which was located at Phoebus, more than a mile away.

Holladay first looked for a taxicab at the hotel entrance but found none there. Continuing his search for a cab he proceeded to the Chesapeake Ferry wharf which is near the Chesapeake & Ohio Railway station and two or three blocks from the hotel. He does not recall anything which happened from the time he left the hotel until he was rescued by two passing soldiers from the water under the single-track railway trestle about 7:20 P. M. His right leg had been crushed by a passing train.

The trestle extends over the water a distance of about 750 yards from the railway station to a point where it crosses

the highway leading from Old Point to Phoebus. Holladay had traversed a little more than one-half of this distance before being struck by the train.

He does not remember arriving at the Chesapeake Ferry wharf or at the railway station, or why or how he came to be on the trestle. Nor does he remember being struck by the train. According to the medical testimony this loss of memory is readily attributable to the shock of his injury. Viewing the situation retrospectively, Holladay testified that he "supposed" or "might have figured it was a short cut." However, the map found in the record shows that the shortest route from the hotel to Phoebus was along the road and not across the trestle.

While there is evidence that Holladay had taken a drink before leaving the hotel, the overwhelming evidence is that he was not intoxicated but was entirely normal, and the Commission so found.

The question we have to decide is whether the Commission was justified in finding from these facts and circumstances that the accident arose out of and in the course of Holladay's employment.

The appellants concede that the accident happened during the time when the employee was on duty. But they earnestly insist that there was no causal connection between the conditions under which Holladay's work was required to be done and the resulting injury; that the accident happened at a place where the employee's duties did not reasonably require him to be and where he had no right to be and from a risk or hazard which was not reasonably within the contemplation of his contract of employment. Hence, they say, the accident did not arise out of and in the course of the employment.

On the other hand, the appellee contends, and the Commission found, that this was a situation in which the employee was injured while performing his duties in a negligent manner, and that such negligence did not bar his right to compensation.

■ "* * * whether under a given state of facts and circumstances an employee has suffered an accident, within the meaning of the workmen's compensation act, is a mixed question of law and fact which is properly reviewable by this court." *Clinchfield Carbocoal Corp.* v. *Kiser,* 139 Va. 451, 456, 124 S. E. 271, 273.

■ While the words of our statute (Code, section 1887(2) (d) ) "arising out of and in the course of employment" should receive a liberal construction (*Bradshaw* v. *Aronovitch,* 170 Va. 329, 336, 196 S. E. 684; *Cohen* v. *Cohen's Department Store,* 171 Va. 106, 109, 110, 198 S. E. 476), the burden is upon the claimant to prove by a preponderance of the evidence that the accident arose out of and in the course of his employment. (*Crews* v. *Moseley Bros.,* 148 Va. 125, 128, 138 S. E. 494; *Campbell & Co.* v. *Messenger,* 171 Va. 374, 377, 199 S. E. 511; *Sullivan* v. *Suffolk Peanut Co.,* 171 Va. 439, 443, 199 S. E. 504, 120 A. L. R. 677.

■ In *Bradshaw* v. *Aronovitch, supra* (170 Va., at page 335, 196 S. E., at page 686), we said:

"An accident occurs 'in the course of employment' when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling duties of his employment or engaged in doing something incidental thereto. 71 C. J., p. 659, section 404; *Lasear* v. *Anderson,* 99 Ind. App. 428, 192 N. E. 762, 765.

■ "In *In re McNicol,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, a leading case, it is said that an injury 'arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly

be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' "

See also, *Farmers Mfg. Co.* v. *Warfel,* 144 Va. 98, 103, 131 S. E. 240, 241; *Cohen* v. *Cohen's Department Store,* 171 Va. 106, 110, 198 S. E. 476.

Thus it is seen that in order for an injury to be compensable, as arising out of and in the course of the employment, something more is necessary than the fact that the accident occurred during the period of the employment and while the employee was about his master's business. It must also be shown that the injury occurred at a place where from the nature of his work the employee was reasonably expected to be.

In *White Star Motor Coach Lines* v. *Industrial Commission,* 336 Ill. 117, 168 N. E. 113, 115, it is said: "Where an employee chooses to go to a dangerous place where his employment does not necessarily carry him, and where he incurs a danger of his own choosing and one altogether outside any reasonable requirement of his employment, it cannot be said that such risk was an incident to his employment. *Terminal Railroad Ass'n* v. *Industrial Commission,* 309 Ill. 203, 140 N. E. 827. For an accident to arise out of the employment the act of the employee must be reasonably incidental to his employment. The employee must not unnecessarily increase the risk of injury to himself beyond that contemplated in his contract of employment. He may not choose an unnecessarily dangerous place for the doing of acts of his employment, nor may he do them in an unnecessarily dangerous way."

See also, 71 C. J., p. 669, section 410, citing numerous cases.

■ It is, of course, well settled that an employee whose duties require him to be on the street is covered from hazards incident to street travel. *Railway Express Agency* v. *Lewis,* 156 Va. 800, 159 S. E. 188, 76 A. L. R. 350. This is on the principle that such risks are incident to the nature of the employment and employees engaged in that kind of work are necessarily exposed thereto.

And so, in the instant case when Holladay in the line of his duty undertook to go along the highway from the hotel to Phoebus, he was protected from hazards incident to street travel whether he traveled by automobile or afoot. One of these hazards to which he was exposed and against which he was protected was the risk of a collision with the train at the railroad crossing. This is so because the nature of the duties which he was performing for his employer required him to use the railroad crossing.

But how can it be said that the nature of his duties required him to use the trestle instead of the road? There is no evidence that the trestle was customarily used by pedestrians or was fit for travel by foot. On the contrary signs on the trestle forbade such use.

If a messenger in the performance of his duties were required to go from the Capitol Square to a point in South Richmond, surely it could not be said that his contract of employment reasonably contemplated that he would proceed to his destination by walking along a railway trestle over the James River instead of going over one of the several bridges provided for the use of vehicles and pedestrians.

Furthermore, in the instant case both Holladay and his superior officer testified that his use of the trestle was not within the requirements of his employment.

■ We have a situation, then, in which there was no causal connection between the conditions under which the work was required to be done and the resulting injury; one in which the injury can not be said to have followed as a natural incident of the work and to have been contem-

plated in the contract of employment, but on the contrary resulted from a hazard and risk which the employee voluntarily brought upon himself by putting himself in a manifestly dangerous place where he had no right to be and where the work which he was doing for his employer did not reasonably require him to be. In such a situation the employee is not entitled to compensation.

 ██ We can not agree with the finding of the Commission that this is a case in which the employee was merely performing his work in a negligent manner. Such a case arises where the employee is working at a place where his duties reasonably require him to be and is injured because he does his work in a negligent manner. Under such circumstances the employee's negligence does not bar compensation. *Tyree* v. *Commonwealth,* 164 Va. 218, 179 S. E. 297.

The instant case presents no such situation. Here the employee was injured because he was at a place where he had no right to be and where he admits that the work he was doing did not require him to be.

The cases relied on by the appellee are readily distinguishable from the case at bar.

In *Sullivan* v. *Suffolk Peanut Co., supra,* we held that the dependents of a night watchman who had been killed by a train were entitled to compensation because the watchman was reasonably required in the performance of his duties to go on the railroad track.

In *City of Alexandria* v. *McClary,* 167 Va. 199, 188 S. E. 158, an award of compensation was upheld where a city policeman acting under the orders of his superior officer was killed while attempting to make an arrest in the adjacent county. There the employee was performing the duties of his master at the place where he had been ordered to go.

In *Bradshaw* v. *Aronovitch, supra,* in which the employee was killed by falling from a truck while attempting to get a bottle of soft drink from the rear of the vehicle, we held that compensation was allowable because the employee was required to ride on the truck and the risk of falling there-

from was peculiarly incident to the nature of his employment.

In *Globe Indemnity Co.* v. *Forrest,* 165 Va. 267, 182 S. E. 215, a national guardsman was injured while trying to remove a drunken companion from a railroad track beyond the limits of the camp. The contention was made that the accident did not arise out of the employment because while the guardsman was on leave beyond the limits of the camp he was not engaged in any duty which he was employed to perform. In other words, that case turned upon whether there had been a temporary cessation of the relationship of master and servant.

We held that the relationship continued throughout the period of the encampment and was not interrupted because the guardsman was on leave at the time of the injury. Moreover, it appeared that the guardsman went on the railroad track to look after his intoxicated companion who had wandered there and whom he had been instructed by his superior officer to assist in returning to camp.

On the whole our conclusion is that this unfortunate accident which resulted in the claimant's injuries did not arise out of and in the course of his employment. Hence the award of compensation to him is erroneous and the order appealed from must be reversed.

*Reversed.*

GREGORY, J., dissenting.

The Industrial Commission found that the claimant sustained his injuries by accident arising out of and in the course of his employment. If the evidence is given a reasonable interpretation, favorable to the claimant, support for this conclusion can be found. The opinion of the Commission is unanimous. Under these circumstances this court should not seek a way by strict construction of the Workmen's Compensation Act, to deny the claimant the benefit of the award.

The claimant had two ways to go to the liquor store. He chose the dangerous way and was injured. He was not familiar with the various routes from the hotel to the store. His conduct was negligent but he still was in the course of his employment. Negligence, of course, is no defense.

To affirm the award in this case would not be inconsistent with our prior holdings. There are Virginia cases which would justify an affirmance here. For instance, we allowed compensation to the widow of a policeman who was killed in an entirely different jurisdiction from that in which his duties required him to be. *Alexandria* v. *McClary*, 167 Va. 199, 188 S. E. 158. There the officer was killed not performing the duties usually required of him but while assisting a sheriff in another jurisdiction to run down moonshiners. It could have been said there that it was never contemplated that he would engage in the enterprise that resulted in his death, just as it is argued here that it was never contemplated that Holladay would go to the liquor store over the most dangerous route. The claimant here could have just as reasonably been on the railroad trestle as McClary in the *Alexandria Case* could have been away from his city in another county at the time he was killed.

The fact that an employee is injured in a place where it was not reasonably contemplated he would be is not the true test of whether he should be allowed compensation. The real test is that embraced in the statute. If the claimant is injured by accident arising out of and in the course of his employment, he is entitled to compensation. It is conceded that at the time Holladay was injured he was performing a service for his master. It must also be conceded that he was injured by an accident.

In the leading case of *In re McNicol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, which has been approved several times by our court, it is expressly said that the injury need not have been expected or foreseen as long as it had its origin in a risk connected with the employment and to have flown from that source as a rational consequence.

In *Globe Indemnity Company* v. *Forrest*, 165 Va. 267, 182 S. E. 215, the claimant was injured on the railway tracks, a place where his duties did not require him to be and performing a duty not expressly embraced within the terms of his employment as a national guardsman. We allowed him to recover compensation.

In the case at bar the court is turning its back upon the principle of liberal construction of the Act and favoring strict construction. It is also receding from the holding in the *Alexandria* and *Globe Indemnity Company Cases*.