PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

V.

JEROME S. BARNARD

Record No. 860150

September 23, 1988

Present: All the Justices

*J. Riley Johnson, Jr. (Stephan F. Andrews; White, Johnson & Lawrence*, on brief), for appellant.
*Stanley G. Barr, Jr. (Albert H. Poole; Kaufman & Canoles, P.C.*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The central question we consider in this appeal is whether a group insurance policy covered or excluded a claim for medical expenses.

Jerome S. Barnard suffered serious injuries in an automobile accident on December 27, 1979. In September 1981, Barnard filed a motion for declaratory judgment, asking the court to declare that the medical expenses he incurred were covered by a group insurance policy Barnard's employer, Colonial Stores, Inc. (Colonial), had acquired from Provident Life and Accident Insurance Company (Provident). In September 1982, the trial court entered an order sua sponte directing Barnard to file an amended motion for judgment seeking damages against Provident. Barnard failed

to respond, and the litigation remained dormant for more than two years. On November 16, 1984, the court entered yet another order permitting Barnard to file an amended motion for judgment, and Barnard complied. At the conclusion of all the evidence, the court dismissed the jury and entered a final order November 21, 1985 incorporating a letter opinion. The trial court ruled that "the medical expenses incurred by the plaintiff were covered by the defendant's insurance policy" and awarded judgment for Barnard in the sum of $8,982.50.

The controversy stems from the following clause in Provident's policy:

The benefits provided above will not be payable:

. . . .

(b) for expenses incurred for treatment of bodily injuries arising from or in the course of employment;

The relevant facts are not in dispute. Colonial employed Barnard as a field supervisor. As such, he was responsible for hiring and supervising clerks in approximately 30 Colonial stores located on the Peninsula and in Norfolk, Williamsburg, Petersburg, and Richmond. In the discharge of his duties, Colonial expected Barnard to drive from his home in Virginia Beach, travel from store to store as the occasion required, and return to his home at night. Barnard did not have an office, but he reported by telephone "[e]very day" to Colonial's headquarters in Norfolk and went there to pick up his mail and meet with his superiors "two, three times a week."

Colonial agreed to pay Barnard 17 cents per mile as a travel allowance for the use of Barnard's personal car in the performance of his duties. Barnard's superior testified that the travel allowance was payable "from his home when he left in the morning until when he got back at night." Barnard submitted mileage vouchers at irregular intervals, and Colonial paid travel allowance and salary in separate checks.

On the morning of December 27, 1979, Barnard left home, stopped at Colonial's Norfolk headquarters to pick up his mail, and drove to Colonial's store in Grafton. From there, he travelled to the Richmond area where he visited four stores. He left the last store about 5:30 p.m. He was injured en route to his home in Virginia Beach when his car collided with a pickup truck. As a result

of the extensive injuries he sustained in that accident, Barnard incurred the medical bills itemized in his claim against Provident.

In his letter opinion, the trial judge said that "we are construing a contract of insurance and not construing the Virginia Workmen's Compensation Act." Consequently, he decided that "it is not deemed necessary by this Court that we refer to or be bound by the Virginia decisions construing the words 'arising out of and in the course of the employment' which are the Workmen's Compensation Act clauses." Thus, because the language of the exclusionary clause, unlike that in the Act, was cast in the disjunctive, the trial court reviewed the evidence to determine whether Barnard's claim resulted from an accident which *either* arose out of *or* occurred in the course of his employment with Colonial.

Addressing the first alternative, the trial court ruled that, because the accident occurred while Barnard "was returning home after the conclusion of a day's work, [it] did not 'arise from' his employment." With respect to the second alternative, the court held that the accident had not occurred during the course of his employment within the meaning of the exclusionary clause, despite the fact that Colonial had contracted to pay Barnard for the expense of the travel which resulted in the accident.

■ We agree that the issue turns on the construction of the contract of medical insurance as applied to the facts in this case. The parties do not disagree. On brief, Barnard reaffirms the statement he made in a memorandum of law at trial in which he acknowledged that "the employment exclusion in defendant's group insurance policy is designed merely to avoid double payment in those cases in which the injured party is covered by workmen's compensation statutes." Similarly, in its petition for appeal, Provident stated that the insurance contract "was designed to avoid double payment when the employee is covered by Workmen's Compensation benefits . . . as well as to eliminate any gaps between the two forms of coverage."

■ We think the trial court erred in holding that our decisions construing the provisions of the Workers' Compensation Act are irrelevant to the analysis. Moreover, for purposes of this opinion, we accept the concession implicit in Provident's assurance that its contract is designed to eliminate coverage gaps, namely, that the language in the exclusionary clause, although cast in the disjunctive, was intended to be synonymous with the conjunctive language defining the workers' compensation test. *Cf. Cash v. Health*

*Insurance Corp.*, 203 Va. 719, 720-22, 127 S.E.2d 119, 120-22 (1962) (disjunctive exclusionary clause referring to employer's liability under Workers' Compensation Act treated as conjunctive). Thus, Provident's contention that Barnard's claim is excluded under the insurance contract has merit only if Barnard's injuries resulted from an "accident . . . arising out of *and* in the course of employment", Code § 65.1-7 (emphasis added), and we will examine such of our workers' compensation precedents as relate to the binary test of compensability prescribed by the Workers' Compensation Act.

■ In 1925, this Court adopted what is commonly known as the "going and coming" rule: generally, an employee's injuries sustained while going to or from work are not compensable under the Workers' Compensation Act. *Kent* v. *Vir.-Car. Chem. Co.*, 143 Va. 62, 66, 129 S.E. 330, 331-32 (1925). Although this Court applied that rule under the facts in *Kent*, we suggested three exceptions to the general rule. The exception that guides our analysis in this case was defined succinctly in *Lucas* v. *Biller*, 204 Va. 309, 314, 130 S.E.2d 582, 586 (1963) (citations omitted):

> As a general rule accidental injuries suffered by an employee while going to and from work are not covered by the Workmen's Compensation Act; however, one of the recognized exceptions to this rule is that when the employee is furnished transportation to or from his work by the employer and is accidentally injured during the course of travel, the injury arises out of and in the course of his employment and is compensable under the Act.

■ In *Lucas*, the plaintiff had been injured as a passenger in an · automobile accident on her way home from work. The automobile was driven by a co-worker who was paid 50 cents per day per passenger to transport workers to and from the job site. Applying the transportation exception to the general rule, we held that "the plaintiff was furnished transportation to and from work by [her employer], and her injuries *arose out of and in the course of her employment* and are compensable under the Compensation Act." *Id.* at 315, 130 S.E.2d at 586 (emphasis added). Other cases applying the transportation exception to the going and coming rule include *Scott* v. *Willis*, 150 Va. 260, 265-66, 142 S.E. 400, 401 (1928); *Hann* v. *Times-Dispatch Pub. Co.*, 166 Va. 102, 107-08,

184 S.E. 183, 185-86 (1936); *Stillwell* v. *Iowa Mutual*, 205 Va. 588, 591-92, 139 S.E.2d 72, 75 (1964); *Bristow* v. *Cross and Century*, 210 Va. 718, 719-22, 173 S.E.2d 815, 816-18 (1970); and *Boyd's Roofing Co.* v. *Lewis*, 1 Va. App. 93, 94-95, 335 S.E.2d 281, 282-83 (1985).

In *Bristow*, a plaintiff brought a tort action against his employer, claiming damages for injuries sustained in an automobile collision that occurred while his employer was transporting him from his home to the job site. Reviewing *Kent* and its progeny, we said that the transportation exception applies

> when such transportation is the result of an express or implied agreement between the employer and his employee; or where the transportation is furnished by custom to the extent that it is incidental to and part of the contract of employment; or when it is the result of a continued practice in the course of the employer's business which is beneficial to both the employer and the employee.

210 Va. at 720-21, 173 S.E.2d at 817. Applying the exception to the general rule, we held that "[t]he transportation furnished plaintiff to work was an incident of his employment by defendants, and the injury he sustained which occurred during the course of travel arose out of and in the course of his employment" and that "the Industrial Commission of Virginia had exclusive jurisdiction to determine plaintiff's claim." *Id.* at 722, 173 S.E.2d at 818.

The appeal in *Stillwell* required us to construe an insurance exclusionary clause and apply it to facts similar to those at bar. Stillwell sued his automobile liability insurer for the amount of a judgment his employee, Mrs. Breeden, had recovered against him on account of injuries she had sustained in an accident that had occurred while he was transporting her to work. Stillwell's insurance policy contained a clause that provided that coverage did not apply " 'to bodily injury to any employee of the insured arising out of and in the course of . . . employment by the insured.' " 205 Va. at 590, 139 S.E.2d at 74. The testimony showed that Stillwell had provided Mrs. Breeden transportation pursuant to her contract of employment. Reviewing the evidence at trial, we held "as a matter of law, that the transportation furnished the employee to and from work was an incident of the employment and that the

injury to the employee, which occurred during the course of travel, arose out of and in the course of her employment." *Id*. at 592, 139 S.E.2d at 75.

Ordinarily, the going and coming rule contemplates a single job site. Barnard was assigned multiple job sites, all sufficiently remote from his home to require daily vehicular transportation. Under his contract of employment, he was paid a salary to compensate for the time spent in travel as well as for the time spent at the several job sites. In addition, his employer agreed to pay Barnard a mileage allowance to defray expenses incurred in the operation of his personal automobile. The allowance commitment covered not only the miles Barnard travelled from store to store but also the distance he travelled going to work and coming home after work.

■ Reaffirming the principles underlying our decisions in *Lucas*, *Bristow*, and *Stillwell*, we conclude that injuries sustained during the course of travel are compensable under the Workers' Compensation Act whenever the employer, for his own convenience or because of the location of the work place or places, agrees to provide the employee transportation by company vehicle or public conveyance; or to pay the employee wages or salary for the time spent in travel required by the work; or to reimburse the employee expenses incurred in the operation of his own vehicle in the performance of his duties. *See Kerns* v. *James C. Wilkins*, 46 O.I.C. 129, 131 (1964) (Act covers injury sustained by employee on way to work when employer paid mileage allowance for use of employee's vehicle).

■ Considering the facts in the record before us, we will apply the transportation exception to the going and coming rule. Specifically, we hold that Barnard's claim is excluded from coverage under the group medical insurance policy. Consequently, we will reverse the judgment below and enter final judgment here for Provident.

*Reversed and final judgment.*