## Norfolk

SENTARA LEIGH HOSPITAL AND
THE VIRGINIA INSURANCE RECIPROCAL

v.

VERNETTA NICHOLS

No. 1751-90-1

Decided July 1, 1991*

---

* Petition for rehearing granted July 29, 1991.

COUNSEL

Michelle ReDavid Rack (George J. Dancigers; Heilig, McKenry, Fraim & Lollar, on brief), for appellants.

Jeffrey A. Swartz (Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, P.C., on brief), for appellee.

OPINION

KEENAN, J.—Sentara Leigh Hospital and the Virginia Insurance Reciprocal (employer) appeal a decision of the Industrial Commission awarding benefits to Vernetta Nichols (employee) for injuries she sustained in an automobile accident while on her way to a job site other than the employer's premises. The employer raises two issues on appeal: (1) whether the commission erred in finding that the employee's injuries were caused by an accident which arose out of and in the course of her employment; and (2) assuming the commission did not err in deciding that Nichols' injury was compensable, whether the commission erred in finding that she had attempted to market her remaining work capacity. We find that the accident did not arise out of and in the course of Nichols' employment and accordingly reverse the commission's award of benefits to the employee.[1]

Nichols was injured in an automobile accident which occurred at approximately 6:30 a.m. on March 7, 1988. At the time of the

---

[1] In light of our finding that the employee is not entitled to benefits because her injury did not arise out of and in the course of her employment, we need not address the issue of whether the employee adequately marketed her remaining work capacity.

accident, Nichols worked as a home care nurse. The accident occurred while Nichols was en route from her home to a patient's home in her personal car. Three days prior to the accident, the employer directed Nichols to report to this particular patient's home. Nichols suffered major post-traumatic disc herniation as a result of the accident and underwent surgery one month later.

██ "As a general rule, 'an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment.'" *Kendrick v. Nationwide Homes, Inc.*, 4 Va. App. 189, 190, 355 S.E.2d 347, 347 (1987) (quoting *Boyd's Roofing Co. v. Lewis*, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985)). Thus, an injury received while travelling to or from work is generally not compensable. *Id.* at 190-91, 355 S.E.2d at 347. There are, however, three exceptions to this rule: (1) where the means of transportation used to go to or from work is provided by the employer or the employee's travel time is paid for or included in wages; (2) where the way used is the sole means of ingress and egress or is constructed by the employer; and (3) where the employee is charged with some duty or task connected to his employment while on his way to or from work. *Id.* at 191, 355 S.E.2d at 347-48 (citation omitted). The burden is on the claimant to establish by a preponderance of the evidence that one of the exceptions applies. *See id.* at 192, 355 S.E.2d at 347.

The employer argues that because Nichols sustained her injuries in an accident which occurred while she was travelling from her home to the place of her employment, the commission erred in finding that the accident arose out of and in the course of her employment. The employer maintains that since none of the exceptions to the "going and coming" rule apply, Nichols is not entitled to compensation.

In response, the employee argues that her injuries are compensable and that the commission correctly held that the "going and coming" rule was not applicable. She claims that her job entailed two essential responsibilities: travelling to the homes of critically ill patients and performing nursing services for these patients. She, therefore, maintains that she was "on the job" at the time of the accident.

The Court of Appeals of Michigan considered a similar argument in *Thomas v. Staff Builders Health Care*, 168 Mich. App. 127, 424 N.W.2d 13 (1988). In that case, the plaintiff worked for a temporary employment agency as a nurse's aide. Employees received assignments either by phone or by driving to the employer's office. They were free to reject an assignment and were required to provide their own transportation, without reimbursement for travel expenses. The plaintiff was injured in an automobile accident while driving from her home to her first assignment. The plaintiff argued that since she was required to provide her own transportation, her assignment actually began when she left home and the trip itself constituted a special mission undertaken at the employer's direction and for the employer's benefit. The Court of Appeals rejected this argument, stating:

> We agree with plaintiff that the unique nature of [the employer's] business required plaintiff to report to various locations for work. Nevertheless, we do not see how [the employer], as contrasted to any other employer, derived a special benefit from plaintiff's providing her own transportation to her first place of assignment when she did not leave from the employer's office.

*Id.* at 130-31, 424 N.W.2d at 15.

The Court of Appeals of Louisiana reached a different conclusion in *Jackson v. Long*, 289 So. 2d 205 (La. Ct. App. 1974). In that case, the employer operated a temporary agency which furnished customers with temporary labor for a fee. Employees were not required to accept assignments and the employer did not furnish transportation or pay the worker either travel expenses or wages for the time spent travelling. The employer assigned Long to fill one of two positions as a cook for a utility company. The plaintiff heard of this opportunity and went to the employer's office, where he accepted the second assignment. The employer's dispatcher advised the plaintiff to ride with Long, since it was difficult to obtain public transportation to the job site. While en route, the plaintiff and Long were involved in an automobile accident and the plaintiff sustained injuries. The court held that the injuries were compensable, stating:

In its business of furnishing laborers, [the employer] contracted with plaintiff to perform services for [the employer's] customer at a designated time and place, and [the employer] further contracted with the customer to dispatch someone to perform the services at that time and place. . . . [The employer] was thus much more concerned with the employee getting to his place of work than was the ordinary employer, despite the fact that [the employer] had attempted to disassociate itself from any responsibility for transporting its employees. Consequently, [the] employee, while travelling to the assigned work place, was actually furthering his employer's business interest, and in that respect the trip can be regarded as a necessary and required part of his employment.

*Id.* at 207.

Although reaching different results, both the Michigan and Louisiana courts based their decisions on a finding that the circumstances in their respective cases either fit or did not fit an exception to the general rule that accidental injuries sustained during travel to and from the job site are not compensable. We apply this same analysis in the context of the well-settled principle in this Commonwealth of the "going and coming rule."

It is undisputed in the case before us that Nichols was on her way from her home to the job site when she was injured. Moreover, unlike the employee in *Provident Life & Accident Insurance Co. v. Barnard*, 236 Va. 41, 372 S.E.2d 369 (1988), cited by the dissent, Nichols was not paid mileage expenses by the employer for travel from her home to her first job site. Further, she was not paid for the time she spent travelling to or from the job site. The roads she utilized were not the sole means of ingress or egress and were not maintained by the employer. Accordingly, we find that the first two exceptions to the "going and coming rule" do not apply in this case.

In addition, the employer did not give Nichols instructions as to how she should travel to the job site and did not request that she perform any duty or task connected to her employment while on her way to work. Thus, we find that the third exception to the "going and coming rule" is likewise not applicable here. We conclude that the mere fact that the nature of Nichols' employment required her to travel to a patient's home rather than to the hospi-

tal was not sufficient to transform Nichols' trip into a duty or task connected to her employment.

 The Supreme Court has repeatedly held that before an award of compensation can be made pursuant to Code § 65.1-7, the employee must establish: (a) an accident; (b) which arose out of the employment; and (c) occurred in the course of employment. *See, e.g., Lucas v. Lucas*, 212 Va. 561, 562-63, 186 S.E.2d 63, 64 (1972); *County of Chesterfield v. Johnson*, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). Because Nichols failed to prove that any of the exceptions to the "going and coming rule" were applicable, we hold that Nichols did not meet her burden of proving that her accident arose out of and in the course of employment. We need not address her additional arguments.

For the reasons stated, the decision of the Industrial Commission awarding compensation benefits to Nichols is reversed and her claim is dismissed.

*Reversed and dismissed.*

Koontz, C.J., concurred.

Barrow, J., dissenting.

Nichols was among that class of employees who, because her duties required her presence on the public streets, was not subject to the "going and coming rule." Her injury was, therefore, compensable.

Nichols was a licensed practical nurse whose job required her to travel to homes of ill patients and care for them in their homes. She received her work orders by telephone from her office or in person at her office. She was not required to report to her office each day, and she drove to the patients' homes in her personal automobile. On the morning of the accident, having received her orders three days earlier, she was on her way to a patient's home.

Employees, "whose duties to their employers require their presence upon the public streets, either frequently or continuously," are not subject to the "going and coming rule." *Dreyfus & Co. v. Meade*, 142 Va. 567, 576, 129 S.E. 336, 338 (1925). The commission found that Nichols was such an employee, and the facts support such a finding. The fact that she was driving from her home

to visit her first patient, rather than going from the home of one patient to that of another, makes no difference. *See Provident Life & Accident Ins. Co. v. Barnard*, 236 Va. 41, 47, 372 S.E.2d 369, 372-73 (1988) (applying an exception — where employer furnishes transportation to the employee — to the "going and coming rule" to a field supervisor returning home from the last site visit at the end of the day).

I also agree with the commission's conclusion that the employer is estopped from asserting that Nichols had not made reasonable efforts to market her remaining capacity for work. The employer paid compensation to Nichols for almost twenty-two months but did not file a memorandum of agreement. Thus, the commission found that Nichols' efforts to return to work and the employer's payment of benefits estopped the employer from now asserting this non-jurisdictional defense. *See National Linen Serv. v. McGuinn*, 5 Va. App. 265, 272, 362 S.E.2d 187, 191 (1987).

For these reasons I would affirm the commission's award.