**Richmond**

SENTARA LEIGH HOSPITAL AND
THE VIRGINIA INSURANCE RECIPROCAL

v.

VERNETTA NICHOLS

No. 1751-90-1

Decided February 11, 1992

Counsel

Michelle ReDavid Rack (George J. Dancigers; Heilig, McKenry, Fraim & Lollar, on brief), for appellant.

Jeffrey A. Swartz (Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, on brief), for appellee.

## ON REHEARING EN BANC

Opinion

**KOONTZ, C.J.**—On July 1, 1991, a panel of this Court reversed a decision of the Virginia Workers' Compensation Commission.* 12 Va. App. 841, 407 S.E.2d 334 (1991). A dissenting opinion was filed in the panel decision. Pursuant to Code § 17-116.02(D), the Court convened *en banc* to reconsider the issue of whether the commission erred in finding that the injury sustained by Vernetta Nichols, claimant, was caused by an accident which arose out of and in the course of her employment with Sentara Leigh Hospital, employer.

The relevant facts are not in dispute. Claimant was employed by employer as a private duty and home care nurse. On March 7, 1988, at approximately 6:30 a.m. claimant was injured in an automobile accident while traveling from her home to a patient's home in her personal car. She suffered major post-traumatic disc herniation as a result of this accident. Three days prior to the accident, employer directed claimant to report to this particular patient's home. On other occasions, claimant received orders from employer by telephone which would advise her "how many hours [she] would have to be [at a patient's home]" and she received the orders "on a daily or weekly basis because sometime (sic) it was just a straight case until the patient expired."

Upon these facts, it is clear that claimant's injury did not occur on employer's premises or at claimant's workplace. Thus, employer asserts on appeal, as it did before the commission, that claimant was "going to" her work place when she was injured and, consequently, her injury is not compensable. In response, claimant asserts that she was not "going to" her work place, but,

---

* Formerly the Industrial Commission of Virginia.

rather, was "on the job" serving the interests of her employer in traveling to the patient's home and was fulfilling one of the duties of her employment in doing so when her injury occurred. Consequently, she asserts her injury is compensable.

The commission rejected employer's assertion and held: "The claimant was not going to her work when she was injured. Her job was to travel to the [patients'] homes and perform nursing services. The claimant was performing her work when she was injured." Relying upon *Dreyfus & Co. v. Meade*, 142 Va. 567, 129 S.E. 336 (1925), and *Norfolk & Washington Steamboat Co. v. Holladay*, 174 Va. 152, 5 S.E.2d 486 (1939), the commission found that claimant was one of a class of employees whose duties to their employers require their presence upon the public streets and are covered from hazards incident to street travel by workers' compensation.

■ We begin our analysis upon well established principles that guide our resolution of this appeal. Pursuant to former Code § 65.1-7 (now Code § 65.2-101(B)(11)), in order for claimant to recover for her injuries, she must prove by a preponderance of the evidence an injury by accident "arising out of and in the course of" her employment. *See also* Code § 65.2-300. Whether an accidental injury arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal. *See Classic Floors, Inc. v. Guy*, 9 Va. App. 90, 383 S.E.2d 761 (1989); *Park Oil Co. v. Parham*, 1 Va. App. 166, 336 S.E.2d 531 (1985).

■ "The phrases arising 'out of' and arising 'in the course of' are separate and distinct . . . . The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred. The phrase arising 'out of' refers to the origin or cause of the injury." *County of Chesterfield v. Johnson*, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). However, while these terms involve separate and distinct concepts, "the two are not totally independent; frequently proof of one will incidentally tend to establish the other." *V.P.I. & State Univ. v. Wood*, 5 Va. App. 72, 75, 360 S.E.2d 376, 378-79 (1987). Similarly, these terms cannot be applied properly in a vacuum; the peculiar circumstances of each case are crucial to the proper application of these terms. This is particularly so when, as here, the injury to the claimant occurs at a place other than the employer's premises or claimant's

workplace.

Thus, in the present case, if the commission properly found that at the time of her injury claimant was not going to work but, rather, was fulfilling her duties to her employer by traveling upon the public streets, then it necessarily follows that her injury arose "in the course of" her employment. Moreover, because the risk of injury in an automobile accident is an accepted hazard or "actual risk" to such travel any injury suffered in the course of her employment while on the public streets thus also arose "out of" her employment. However, if the commission erred in finding that claimant was within a class of employees protected from accidental injuries upon the public streets, then contrary to its finding, she was "going to" work and the compensability of her claim depends upon the applicability of the well established exceptions to the general rule that such injuries do not arise "in the course of" the employment.

■ In Virginia we have long recognized the general principle upon which the commission found that claimant was one of a class of employees whose duties of employment require their presence or travel upon the public streets and are covered from hazards incident to that presence or travel by workers' compensation. *See Immer & Co. v. Brosnahan*, 207 Va. 720, 152 S.E.2d 254 (1967); *Norfolk & Washington Steamboat Co. v. Holladay*, 174 Va. 152, 5 S.E.2d 486 (1939); *Cohen v. Cohen's Dep't Store, Inc.*, 171 Va. 106, 198 S.E. 476 (1938); *Dreyfus & Co. v. Meade*, 142 Va. 567, 129 S.E. 336 (1925). In such cases, once commonly referred to as "street cases," we employ the "actual risk" test to the determination of whether the injury arose "out of" the employment. *See, e.g., Hill City Trucking, Inc. v. Christian*, 238 Va. 735, 739, 385 S.E.2d 377, 380 (1989).

■ A review of the factual circumstances in all of the "street cases" and an effort to distinguish and reconcile them is not warranted here. In our view, the Virginia cases have not departed from the requirement that a claimant must establish by a preponderance of the evidence (1) that his or her duties to the employer require his or her presence upon the public streets, and (2) that his or her injury arose from an actual risk of that presence upon the streets in order to come within the protection of the principle established by these cases. Although closely related, these are separate factors necessary to establish a compensable claim. The fo-

cus of the present appeal is on the first factor. A claimant can carry the burden of proof on this factor by establishing that he or she is within an acknowledged class of employees, such as traveling sales personnel, truck drivers, messengers and delivery personnel, who, by the very nature of their employment, are required to be present upon the public streets and, thus, are exposed to the hazards of the streets. Depending upon the particular facts relating to the duties and nature of the employment, the list of other protected employees is potentially, and rightfully so, without limit.

It may well be that many home care nurses, because of the duties of their employment, are required to travel upon the public streets and, thus, come within the protection of the "street case" principles. Nothing in the record, however, establishes that *all* home care nurses come within such a class of employees. Consequently, claimant had the burden of proving by a preponderance of the evidence that the duties of *her* employment required her to travel upon the public streets.[1] In our view, she failed to do so.

The record does not establish whether claimant was paid mileage expenses by her employer or whether her salary was adjusted in any way to compensate for her travel. Without such evidence, it cannot be assumed that her compensation began at any time other than when she began her nursing duties at a particular patient's home. Similarly, although employer required claimant to arrive at a patient's home at a specific time, the record does not establish that the particular manner in which claimant was dispatched to various job sites was actually furthering her employer's business interests. Moreover, claimant's testimony that she received telephone orders from employer which would advise her of "how many hours [she] would have to be [at a patient's home]" and that she received her orders "on a daily or weekly basis," does not establish that she was required to travel among various patient's homes during a given day. This evidence is just as consistent with

---

[1] We do not hold, as the dissent suggests, that an employee must prove that he or she is within an acknowledged class of employees whose duties require their presence or travel upon the public streets to be entitled to compensation for injuries from an automobile accident. Rather, we hold that if the employee does not prove that he or she is within such a class of employees, then he or she must prove that the duties of the particular employment in question required the employee's travel or presence upon the public streets and, thus, exposed the employee to the actual risk of that presence or travel. We agree that a single venture onto the street *if proven to be on a mission of the employment* gives rise to compensation when the employee is injured in an automobile accident.

a requirement that claimant attend a single patient for a number of hours per day or for a number of days or weeks. In the absence of evidence establishing the duties of claimant's employment, the record does not support the commission's conclusion that claimant proved that she was within the class of employees whose duties required their travel upon the public streets or that her particular employment duties required such travel. In short, the commission erred when it found that claimant was not "going to" work when the injury occurred.

We turn now to consider the compensability of claimant's injury based upon the initial determination that she was going to work when the injury occurred. "As a general rule, 'an employee going to or from the place where [her] work is to be performed is not engaged in performing any service growing out of and incidental to [her] employment.'" *Kendrick v. Nationwide Homes, Inc.*, 4 Va. App. 189, 190, 355 S.E.2d 347, 347 (1987)(quoting *Boyd's Roofing Co. v. Lewis*, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985)). Thus, an injury sustained while traveling to or from work is generally not compensable. *Id.* at 190-91, 355 S.E.2d at 347. An accidental injury sustained when the employee is "going to" work does not arise "in the course of" the employment simply because the employee at that time and place is not yet "on the job."[2] There are, however, three exceptions to this rule: (1) where the means of transportation used to go to and from work is provided by the employer or the employee's travel time is paid for or included in wages; (2) where the way used is the sole means of ingress and egress or is constructed by the employer; and (3) where the employee is charged with some duty or task connected to his employment while on his way to or from work. *Id.* at 191, 355 S.E.2d at 347-48.

As previously noted, the burden is on claimant to establish by a preponderance of the evidence the compensability of her claim. Thus, she has the burden to prove by a preponderance of the evidence that one of these exceptions to the "going to and from work" rule applies to her claim.

---

[2] We recognize that the "going to and from work" rule is generally applicable to employees having fixed hours and place of work. For the reasons expressed throughout this opinion, we hold that claimant here established no more than that on the day of her injury her place of work was at the home of the particular patient's home to which she was traveling.

The applicability of the second and third exceptions may be readily eliminated. Claimant was injured on a public street. She does not assert that this street was the sole means of ingress and egress to her work site or was constructed by her employer. Moreover, claimant offered no evidence that employer requested her to perform any duty or task connected to her employment while on her way to work. Accordingly, neither of these exceptions is applicable to her claim.

With regard to the first exception, which is frequently referred to as "the transportation exception" to the going to and from work rule, it is clear that the claimant's means of transportation for going to or from work was not provided by employer. Claimant concedes that her means of transportation was her "personal car." The dispute then centers on whether claimant established by a preponderance of the evidence that the second portion of the transportation exception is applicable to her claim. That is, whether her travel time was paid for or included in her compensation.

In *Provident Life & Accident Ins. Co. v. Barnard*, 236 Va. 41, 372 S.E.2d 369 (1988), our Supreme Court concluded:

[I]njuries sustained during the course of travel are compensable under the Workers' Compensation Act whenever the employer, for his own convenience or because of the location of the work place or places, agrees to provide the employee transportation by company vehicle or public conveyance; *or to pay the employee wages or salary for the time spent in travel required by the work; or to reimburse the employee expenses incurred in the operation of his own vehicle* in the performance of his duties.

*Id.* at 47, 372 S.E.2d at 372-73 (emphasis added).

The present case is not a case involving an employee injured while traveling from one job site to another. It is undisputed that claimant was injured while on her way from home to the job site. As we have previously noted, the record does not establish that on the day of her injury, claimant was required to travel to any other patient's home other than the particular patient's home to which she was traveling. Moreover, the record does not establish that on any other day, her duties required that she travel to the home of

more than one patient rather than attending to one patient on a daily or weekly basis. Accordingly, we need not, as we did in our prior panel decision, draw a distinction, if valid, between the compensability of an injury sustained in travel to the first place of assignment and one sustained during additional travel between the homes of patients later in the same day. *See Thomas v. Staff Builders Health Care*, 168 Mich. App. 127, 424 N.W.2d 13 (1988). We leave that issue to be resolved at another time. Here, unlike the traveling employee in *Provident Life & Accident Ins. Co. v. Barnard*, who was paid a salary to compensate for the time spent in travel as well as for the time spent at his several job sites and received a mileage allowance for the use of his personal automobile, claimant has not established by a preponderance of the evidence any such compensation. The commission is not entitled to make such an assumption. Accordingly, we find this exception is not applicable to this case.

In summary, we find that claimant has not carried her burden of proof to establish the compensability of her claim and, for the reasons stated, the decision of the commission awarding compensation benefits to claimant is reversed and her claim is dismissed.

*Reversed and dismissed.*

Baker, J., Duff, J., Moon, J., Willis, J., Elder, J., and Bray, J., concurred.

Barrow, J., with whom Benton, J., and Coleman, J., join, dissenting.

The commission found that Nichols' "job was to travel to the [patients'] homes and perform nursing services" and that she "was performing her work when she was injured." Credible evidence supports this finding which is sufficient to entitle Nichols to compensation. Therefore, I would affirm the commission.

An employee need not prove that he or she is "within an acknowledged class of employees," as the majority holds, to be entitled to compensation for injuries sustained in an automobile accident. Such an employee need only show that the employment subjected him or her to the "hazards of the street."

An employee's injury in an automobile accident is compensable if "the employment subjected the employee to the hazards of the

street." *Immer & Co. v. Brosnahan*, 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967). This rule applies regardless of whether the employee is subjected to these hazards "continuously or infrequently." *Id.* When first expressed, this rule required that the employee be exposed to the risk of the public streets "either frequently or continuously." *Dreyfus & Co. v. Meade*, 142 Va. 567, 576, 129 S.E. 336, 338 (1925). Frequent or continuous exposure is no longer necessary, and Virginia has joined a majority of the states in adopting a rule recognizing compensability regardless of frequency of exposure. *Immer*, 207 Va. at 725, 152 S.E.2d at 257; *see also Cohen v. Cohen's Dep't Store*, 171 Va. 106, 109, 198 S.E. 476, 477 (1938); 1 A. Larson, *The Law of Workmen's Compensation* § 9.10 (1990).

The necessity to show that one is within a discrete class of employees continuously or frequently exposed to the hazards of the street is an obsolete test. *Immer*, 207 Va. at 725, 152 S.E.2d at 257. It is no longer material whether an employee's "degree of exposure is increased" beyond that "common to the public generally." *Id.* A single venture into the street on a mission of the employment gives rise to compensation if an employee is injured. *Cohen*, 171 Va. at 109, 198 S.E. at 477. The only question is whether the employee's duties made it necessary for him or her to be on the street.

The majority, while paying lip service to this rule, chooses to apply instead the "going to and from work" rule. This is accomplished by grafting onto the rule expressed in *Immer* a new set of requirements. Without precedent, the majority now requires an employee injured while on the street on the mission of her employer to show that "her salary was adjusted . . . to compensate her for travel," that she "was paid mileage expenses by her employer," "that the particular manner in which [she] was dispatched to various job sites was actually furthering her employer's business interest," or "that she was required to travel among various patients' homes during a given day." Until today, an employee was not required to prove these facts; she was only required to show that she was on a mission of her employer.

Nichols was a licensed practical nurse whose job required her to travel to homes of ill patients and care for them in their homes. She received her work orders on a daily or weekly basis by telephone from her office or in person at her office and was told the

number of hours she was required to be at the patients' homes. She was not required to report to her office each day, and she drove to the patients' homes in her personal automobile. On the morning of the accident, having received her orders three days earlier, she was on her way to a patient's home when she was injured in an automobile accident. These undisputed facts support the commission's finding that Nichols was employed to travel to the patients' homes and provide nursing services and that she was in this employ when she was injured.

The "going to and from work" rule is not applicable. It was adopted to assist in determining when an injury arises in the *course of* employment. *Provident Life & Accident Ins. Co. v. Barnard*, 236 Va. 41, 45, 372 S.E.2d 369, 371 (1988). This rule denies compensation for an employee's injuries sustained while going to or from work. *Id.* Usually, when an employee is going or coming from work, he or she is not "reasonably fulfilling the duties of the employment or . . . doing something reasonably incidental to it." *Briley v. Farm Fresh, Inc.*, 240 Va. 194, 197, 396 S.E.2d 835, 837 (1990). In contrast, the rule in *Immer* aids in determining when an injury "arises *out of* the employment." *Immer*, 207 Va. at 722, 152 S.E.2d at 256 (emphasis added). *Immer* allows compensation for injuries on the street while in the service of the employer.

The rule in *Immer* and the "going to and from work" rule are mutually exclusive. The rationale underlying the "going to and from work" rule recognizes that an employee going to or from his or her place of work "is not engaged in performing any service growing out of and incidental to his employment." *Kent v. Virginia-Carolina Chem. Co.*, 143 Va. 62, 66, 129 S.E. 330, 331 (1925) (citation omitted). This rationale excludes on its face that employment which by its nature subjects an "employee to the hazards of the street." *Immer*, 207 Va. at 725, 152 S.E.2d at 257. The commission's finding that Nichols' employment was of this kind distinguishes her from one who is simply going to work and not yet "engaged in performing any service growing out of and incidental to his employment."[1]

---

[1] Even if the rationale underlying the going and coming rule did not exclude Nichols, the third enumerated exception to that rule would. *LeWhite Constr. Co. v. Dunn*, 211 Va. 279, 282, 176 S.E.2d 809, 813 (1970) (where the employee on his way to or from work is still charged with some duty or task in connection with his employment); *Kent v. Virginia-*

Part of Nichols' job was to travel to patients' homes. She was in an automobile on a public street in the service of her employment when injured in an automobile accident, a risk of that employment. *See Norfolk & Washington Steamboat Co. v. Holladay*, 174 Va. 152, 159, 5 S.E.2d 486, 489 (1939); *Railway Express Agency, Inc. v. Lewis*, 156 Va. 800, 809-10, 159 S.E. 188, 191 (1931). I, therefore, agree with the commission that Nichols' injury was compensable.

In addition, I agree with the commission's conclusion that the employer is estopped from asserting that Nichols had not made reasonable efforts to market her remaining capacity for work. The employer paid compensation to Nichols for almost twenty-two months but did not file a memorandum of agreement. Thus, the commission found that Nichols' efforts to return to work and the employer's payment of benefits estopped the employer from asserting this non-jurisdictional defense. *See National Linen Serv. v. McGuinn*, 5 Va. App. 265, 272, 362 S.E.2d 187, 191 (1987).

*Carolina Chemical Co.*, 143 Va. at 66, 129 S.E. at 331; *see also Peterson v. Workmen's Compensation Appeal Board*, 597 A.2d 1116, 1120 (Pa. 1991) (licensed practical nurse employed by nursing agency injured in automobile accident on way to work at hospital where sent by agency).